A89A1452. POLK v. THE STATE.
(386 SE2d 682)

DEEN, Presiding Judge.

John Henry Polk was indicted for the murder of Dennis Lamar Williams and convicted of voluntary manslaughter. He appeals following the denial of his motion for a new trial, contending that the trial court erred in permitting the prosecutor to make two improper remarks during closing argument.

1. During the course of the trial, the court ruled that no mention of the sale of cocaine would be permitted when questioning certain witnesses because there was no evidence from the witnesses who were present at the crime scene that they knew the basis for the debt

which precipitated the quarrel between the men. The defendant testified that Williams owed him $300 for three dresses which he had purchased from his boutique.

Following an objection to the oral argument, the court excused the jurors and heard argument on the issue. The objection was sustained, and defense counsel moved for a mistrial. When the jury returned to the courtroom, the court instructed them that there was no evidence upon which to make an inference that the incident was based upon a drug transaction, and directed them to strike the statement from their minds and not to consider it during their deliberations. The prosecutor, however, was not rebuked for improper argument.

The grant or denial of a mistrial is within the sound discretion of the trial court, and this court will not reverse this decision unless there is a manifest abuse. *Harrell v. State*, 253 Ga. 474, 476 (321 SE2d 739) (1984). When counsel makes statements of prejudicial matters which are not in evidence, "it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender." OCGA § 17-8-75.

In *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), the court adopted a " 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' [Cit.] . . . The test compels a judge to go beyond a first glance for affirmance or a fleeting glimpse for reversal. It compels him to exercise his mind in the exercise of his discretion, to go beyond the appearances of the result to an examination of what causal links there may be between error and the judgment."

After reviewing the evidence, the nature of the prosecutor's comment, and the curative instructions given to the jury, we find that it is highly probable that the error alleged did not contribute to the jury's verdict. Appellant did not deny that an altercation occurred, but claims that he acted in self-defense. He testified that the victim pursued him into the parking lot, cursing and threatening him. When he entered his automobile, the victim brought a gun out of his pocket and, fearing for his life, he struggled with him. During the struggle several shots were fired, and the victim fell to the pavement. Appellant then drove off in his automobile. It is highly unlikely that the prosecutor's remarks influenced the jury in reaching its verdict. We find no abuse of the trial court's discretion in denying the motion for a mistrial.

2. The prosecutor also commented that none of the defense witnesses was willing to talk to the police or the district attorney's office.

Counsel objected, contending that there was no evidence of any witness refusing to talk to the State.

The transcript shows that one of the defense witnesses, who was present at the shooting scene, did give a statement to the State's investigator, that the four other witnesses that the State claims were uncooperative either did not voluntarily inform the District Attorney's office of what they had witnessed or were not approached for questioning prior to trial.

" '[A] sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions. . . .' [Cits.]" Carver v. State, 185 Ga. App. 436, 438 (364 SE2d 877) (1987). As defense counsel made none of these motions, we find no error.

Judgment affirmed. Birdsong and Benham, JJ., concur.

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

Ray C. Norvell, Sr., for appellant.
Robert E. Wilson, District Attorney, Nelly F. Withers, Assistant District Attorney, for appellee.