A91A0054. McCANN v. THE STATE.
(407 SE2d 482)

SOGNIER, Chief Judge.

Antonio McCann was convicted of aggravated child molestation, and he appeals.

The State adduced evidence that in 1976, appellant pled guilty to a charge of aggravated sodomy involving a 15 year old boy whom appellant had approached at a local store and lured to his home, where the assault occurred, by promising the victim he would arrange for them to meet women. As to the crime in issue, evidence established that the victim is a mildly retarded boy who was 11 years old at the

time of the trial. He testified appellant approached him at a can recycling machine and persuaded him to go to appellant's apartment to earn money by doing household chores for appellant. The victim testified that appellant committed an act of anal sex with him, then gave him several dollars worth of quarters to use for playing video games. The victim testified he returned several times to visit appellant, who would have sex with the victim and then give him small amounts of money, usually in quarters for the video games.

The victim's mother testified that after noticing a change in the victim's behavior and discovering a ten dollar bill in his possession, she grew suspicious. She requested that a family friend, Theron Bell, approach appellant, whom the victim had identified as the source of the money. Bell testified he questioned appellant about the money and the innocent household chores he had been told the victim was performing in exchange for the money, when appellant suddenly volunteered that "nothing was happening between him and [the victim]." Bell also testified that after the charges had been filed, he had a conversation with appellant who requested that Bell talk to the victim's mother about whether "they could settle it, the situation out of court because he didn't want it to have to be a court hassle." The victim's mother testified that she later questioned her son, who related the details of the molestation to her.

The doctor who examined the victim testified that the muscle tone in the victim's rectum was very lax, indicating that a large object had been inserted into the victim's anus enough times to stretch the muscle more than it normally should. The doctor stated she had absolutely no doubt that someone had had anal sex with the victim.

In his testimony appellant denied having any sexual contact with the victim in the instant case and asserted that the victim in the 1976 conviction had initiated the sexual contact.

Appellant's sole enumeration of error involves a question posed by the prosecution on cross-examination of appellant's girl friend, Pamela Gancey. Gancey testified on direct examination that over the course of her four year relationship with appellant, she had never seen any type of sexual activity between appellant and the victim or any other boy, and that she had not seen anything in her relationship with appellant indicating that he had any kind of sexual leanings towards little boys. She did relate how much appellant loved children and explained how he would invite children to his apartment to perform chores or attend barbecue cookouts. On cross-examination the prosecutor asked Gancey, "Are you familiar with the syndrome called the buddy syndrome where a child molester becomes a friend of his victim? He has him over. He has him over for cookouts?" Appellant's counsel objected to the question, stating that "[the prosecutor] is testifying again. She is not a psychologist. She is not a psychiatrist. She

is not an expert in that field, and she is asking if [the witness] is familiar with some kind of syndrome just so she can testify in front of the jury." The trial court allowed the question, whereupon the prosecutor again asked Gancey if she was familiar with the buddy syndrome. Gancey responded, "No. What are you talking about?" The prosecutor explained that "I am talking about when an adult befriends children, builds up a relationship in order to have sex with them. It's very common. Have you ever heard of that?" Gancey then shook her head negatively, and the prosecutor changed the topic.

Appellant contends that the trial court erred by allowing the prosecutor to become a witness on behalf of the State and testify as to a child molester profile, citing *Hall v. State*, 138 Ga. App. 20 (1) (225 SE2d 705) (1976). We find that appellant's objection regarding the prosecutor's improper introduction of a matter not in evidence called into issue OCGA § 17-8-75, which provides that "[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same." It is uncontroverted that no testimony was adduced by any witness regarding the "buddy syndrome" referenced by the prosecutor. Therefore, contrary to the State's argument, we cannot agree that the prosecutor's description of that syndrome constituted proper cross-examination of Gancey's testimony on direct regarding her observations of appellant's sexual behavior toward little boys. We do not agree with the State that the prosecutor's explanation regarding the buddy syndrome was not prejudicial to appellant because nothing in the prosecutor's remarks specified that appellant displayed that syndrome. See *Sanders v. State*, 251 Ga. 70, 76 (303 SE2d 13) (1983). Rather, we agree with appellant that the prosecutor's "question" constituted testimony that improperly implicated appellant's character, without appellant having first chosen to place his character into issue.

However, applying the test set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), we find that it is highly probable that the error in allowing the prosecutor to inject evidence of the buddy syndrome did not contribute to the judgment in view of the victim's testimony, the testimony of the victim of the 1976 aggravated sodomy, the medical evidence, and Bell's testimony as to appellant's voluntary remarks. See *Sanders*, supra at 76; see generally *Polk v. State*, 192 Ga. App. 888, 889 (1) (386 SE2d 682) (1989).

Although appellant argues on appeal that the above questions were improperly posed to Gancey, in that she was not qualified to answer it, we cannot address the merits of that argument because the objection made at trial, as set forth above, did not raise that issue before the trial court. See generally *Tyner v. State*, 193 Ga. App. 126 (2) (387 SE2d 50) (1989).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JULY 1, 1991.

*Mark V. Cloud*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A Grace, Carl P. Greenberg, Assistant District Attorneys*, for appellee.