S91A0728. WADDELL v. THE STATE.
(407 SE2d 742)

BENHAM, Justice.

Waddell was convicted of the felony murder of his wife and was sentenced to life imprisonment.[1] The evidence adduced at trial authorized the jury to make the following findings: that appellant and his wife, who were living apart, drank whiskey and beer for several hours prior to her death; that appellant had a fight with a former boyfriend of his wife, during which fight the rifle with which the victim was killed was temporarily taken from appellant; that appellant and his wife argued about her relationship with the former boyfriend, culminating in a shouting match across the roof of the car in which they had been riding; and that the victim was shot in the head by the rifle which appellant was holding when it fired, a rifle which testi-

---

[1] The crime was committed on September 2, 1989. Appellant was indicted on January 16, 1990, and was tried on February 12 and 13, 1990. His sentence was dated February 13, 1990, and filed on July 3, 1990. Appellant's motion for new trial was denied on January 3, 1991, and his appeal was docketed on February 28, 1991. The appeal was submitted on briefs April 12, 1991.

mony established required three pounds of pull on the trigger and pressure on a safety before it would fire.[2]

1. Appellant's several enumerations of error raising the general grounds are without merit. The evidence at trial was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of the offense of felony murder, with aggravated assault being the underlying felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Knox v. State*, 261 Ga. 272 (404 SE2d 269) (1991).

2. In his remaining enumeration of error, appellant complains of the trial court's jury instruction on felony murder. He first asserts that the instruction was confusing because the court told the jury on the one hand that no intent to kill was necessary to show felony murder, but then charged the jury that one way of committing aggravated assault, the predicate felony, was to commit an assault with intent to commit murder. Our reading of the trial court's charge convinces us, however, that the questioned instruction did no more than inform the jury of the elements of aggravated assault. Since a conviction for felony murder in this case would require a finding that appellant was guilty of aggravated assault (*Braxton v. State*, 240 Ga. 10 (1) (239 SE2d 339) (1977)), we find it appropriate that the jury be informed of the elements of that offense.

Appellant also complains, relying on *Malone v. State*, 238 Ga. 251 (232 SE2d 907) (1977), that the trial court failed to instruct the jury that voluntary manslaughter is not of itself a felony on which a conviction for felony murder could rest. Here, as in *Braxton*, supra, the jury charge made it clear that aggravated assault was the underlying offense for felony murder in this case. Since there was nothing in the instruction which could have led the jury to believe that voluntary manslaughter could be considered the underlying felony for felony murder, no specific limiting instruction was required. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1991.

*York, McRae & York, Michael H. York,* for appellant.

*W. A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.

---

[2] The rifle was a Marlin 30-30, purchased by appellant in June 1989. The shooting occurred on September 2, 1989.