A97A1385. MILLER v. THE STATE.
(492 SE2d 734)

Judge Harold R. Banke.

James Rupert Miller was convicted of aggravated sodomy and aggravated assault. He enumerates six errors on appeal.

This case arose after Miller, a mortgage broker, stopped at a strip club on his way home from work at around 6:30 p.m. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). The victim, a nude dancer at the club, performed two table dances for Miller, drank with him, and eventually accepted his offer to drive her home from work. The victim surreptitiously met Miller in the club's parking lot, violating the club's prohibition against dancers leaving with customers. The couple left around 8:30 p.m. for a restaurant, where they dined and drank for several hours. On the way to the victim's home, Miller decided to stop at his apartment. After he and the victim entered, Miller expressed an interest in sex, pushed her down on the bed, and attempted to remove her jeans. When the victim resisted, Miller began slapping her. Eventually, Miller seemed to realize that the victim would not willingly capitulate and agreed to drive her home. Instead, Miller drove the victim to a wooded area

where he choked and slapped her, eventually forcing her to choose between sodomizing him or death. After the victim finished, Miller took her home. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The victim's testimony that Miller beat her and attempted to remove her jeans with the intent to force her to submit to his sexual advances establishes the elements of aggravated assault. OCGA § 16-5-21 (a) (1); see *Henderson v. State*, 204 Ga. App. 884 (1) (420 SE2d 813) (1992). Her testimony that Miller forced her to perform oral sex on him against her will establishes the elements of aggravated sodomy. OCGA § 16-6-2 (a). Miller in effect seeks a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

2. Miller maintains the State committed reversible error by commenting on his pre-arrest silence. The exchange at issue occurred during cross-examination when Miller stated, "If a lady grabs you under the counter seductively, that generally implies to me that this is probably going to go further than a handshake at the door." The State responded by asking whether Miller had told this story to police. After answering in the negative, Miller objected, and the court overruled the objection as untimely.

Although any comment upon a defendant's silence in a criminal case is far more prejudicial than probative, reversal is not required here. *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991). In *Mallory*, the Supreme Court prohibited witnesses from testifying as to a criminal defendant's statement based upon the defendant's acquiescence or silence. *Fairbanks v. State*, 225 Ga. App. 666, 667-668, n. 2 (484 SE2d 693) (1997). But *Mallory*, which analyzed the impeachment of a defendant through use of a statement to police which included an inquiry into his failure to come forward and explain his innocence, is distinguishable. *Mallory*, 261 Ga. at 629 (5). Here, the circumstances surrounding Miller's comment did not " 'require an answer, a denial, or other conduct [which] may amount to an admission.' " Id. at 630, quoting OCGA § 24-3-36. Unlike *Mallory*, Miller's statement did not undermine the victim's charges. His remark had substantially no bearing on his innocence and would have had no effect as a defense had Miller presented it to the authorities. Nor was the statement " 'of such a character that a jury would naturally and necessarily take it to be a comment on the accused's failure to' " come forward or cooperate. *Edwards v. State*, 219 Ga. App. 239, 242 (2) (a) (464 SE2d 851) (1995); compare *Ford v. State*, 219 Ga. App. 562, 563 (2) (466 SE2d 11) (1995) (physical precedent only). It was simply Miller's interpretation of the victim's alleged

body language at the restaurant, not at the situs of the crimes. Because Miller failed to establish that the question engendered the requisite harm, reversal is inappropriate. *Druitt v. State*, 225 Ga. App. 150, 152 (1), (5) (483 SE2d 117) (1997).

3. The trial court did not err by allowing the prosecution to introduce a matter not in evidence during cross-examination of a defense witness. The matter arose after the owner of the restaurant where Miller and the victim dined testified that the victim appeared to be enjoying herself, and the State asked if he had ever heard of acquaintance rape. Miller then objected that the question was irrelevant and argumentative.[1] Because Miller's contention that the State introduced a matter not in evidence is argued for the first time on appeal, consideration of this alleged error is inappropriate. *McCann v. State*, 200 Ga. App. 256, 258 (407 SE2d 482) (1991); *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986).

4. The trial court did not commit reversible error by permitting the State to comment on matters not in evidence during closing argument. In closing, the State argued that Miller had produced no evidence to back up his inference that the victim was a prostitute despite the fact that the vice squad monitored her workplace.[2]

This argument simply disputed that the victim was a prostitute, a major component of Miller's defense. The State was entitled to draw inferences from the dearth of evidence on that issue, although the reference to police activities was unsupported by the evidence and therefore of questionable propriety. *Ortiz v. State*, 222 Ga. App. 432, 434 (4) (474 SE2d 300) (1996). However, because the State's remarks were not directed at Miller's character and were highly unlikely to prejudice his right to a fair trial, reversal is unwarranted. Id.; compare *Tate v. State*, 191 Ga. App. 727, 728 (3) (382 SE2d 688) (1989) (reversing due to the State's repeated references during closing to defendant's drug use in trial unrelated to drugs with no evidence of drug use).

5. We agree with Miller's contention that the State's reference during closing to the fact that he carried an identification card rather than a driver's license was inappropriate, though of sufficient vagueness that there is no reasonable probability that it affected the trial's

---

[1] Miller also voiced an objection that "the surprise issue was elicited by the State on cross. They cannot extrapolate that into areas that are improper, having been the source of the initial response." We are unable to determine the meaning of this objection.

[2] The State observed that "[t]here's not one shred of evidence that she's [the victim] ever been arrested, convicted or the law has had any problem with her in that regard or in any other, because if she was a prostitute, don't you think somewhere along the line she would have been arrested and charged with it? Vice cops go to these clubs too. It's not just people like Mr. Miller. Police officers go there looking for violations of the law. . . ."

outcome.[3] *Thornton v. State*, 264 Ga. 563, 578-579 (24) (449 SE2d 98) (1994). During pretrial motions, the trial court, with the State's consent, had excluded any mention of Miller's status as an habitual violator. Because Miller neither objected nor moved for mistrial, and the reference, though unprofessional, was so veiled that we cannot say it explicitly violated the court's order severing the habitual violator charge from those in this case or actually brought Miller's habitual violator status to the jury's attention, we decline to reverse. See id.

6. The State's derogatory personal references to defense counsel during closing argument, though distasteful, do not require reversal. The State argued that defense counsel was victimizing the victim again after her initial trauma. Despite the trial court's instruction to refrain from making personal comments about defense counsel, the State subsequently informed the jury that defense counsel had employed "just about every cheap shyster trick in the book."[4]

Personal remarks have no place in the State's closing argument. *Estep v. State*, 129 Ga. App. 909, 915-916 (8) (201 SE2d 809) (1973). However, this Court will not disturb a trial court's ruling on a motion for mistrial absent a manifest abuse of discretion, where a mistrial is essential to preserve the accused's right to a fair trial. *Bowen v. State*, 203 Ga. App. 371, 374 (5) (417 SE2d 18) (1992). Having reviewed these comments in context, we find they were not sufficient to affect the trial's fairness.

Webster's defines "shyster" as a person, especially "a lawyer who uses unethical or tricky methods." Webster's New World Dictionary (3rd college ed. 1988). This undermines Miller's argument that the State injected anti-Semitism into its closing.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 8, 1997.

*Garland, Samuel & Loeb, Donald F. Samuel, David H. McDonald,* for appellant.

*Paul L. Howard, Jr., District Attorney, Carl P. Greenberg, Assistant District Attorney,* for appellee.

---

[3] The State argued, "You know, the evidence shows that he had a hotel receipt. Now, first of all, when you look at this, let's look at something real careful. This is not a driver's license, okay? This is an identification card. Wonder why? But anyway, I'll leave that alone."

[4] Because Miller failed to object to the State's remark about ventriloquism, we decline to address that argument. *Cooper v. State*, 178 Ga. App. 709, 712 (3) (345 SE2d 606) (1986).