## A04A0068. SHAW v. THE STATE.
(594 SE2d 393)

BLACKBURN, Presiding Judge.

Following a jury trial, Baraka Bacumba Shaw appeals his conviction for trafficking cocaine and possession of cocaine with intent to distribute, contending that: (1) the evidence was insufficient to support the verdict; (2) the State inappropriately accused him of selling

drugs in its opening statement although he was not indicted for that crime; (3) the State improperly disparaged his attorney during closing argument; and (4) the State's closing included an inappropriate "golden rule" argument. For the reasons set forth below, we affirm.

1. Shaw contends that the evidence was insufficient to support his conviction. We disagree.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia.*[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Walker v. State.*[2]

Viewed in this light, the record shows that, on April 23, 1998, Shaw was cutting up large pieces of crack cocaine and packaging it for distribution at the residence of Leonard Harvey. Harvey, an addict, allowed Shaw to do this at his home in return for cocaine residue left behind after the cutting process. Edward Cantrell, an acquaintance of Harvey, witnessed Shaw preparing the cocaine for distribution.

Shortly thereafter, Harvey and Cantrell exited the home, and, while they were talking outside, police, who were patrolling the area and noticed Harvey and Cantrell acting suspiciously, stopped to speak with them. After the police discovered a piece of crack cocaine on the ground, Harvey consented to a search of his house. During the search, police found the plate on which Shaw had been cutting cocaine and numerous baggies filled with the substance. Although Shaw had fled at that point, his fingerprints were found on the plate, and he was seen leaving the area by the police.

This evidence amply supports the verdict against Shaw. *Jackson,* supra.

2. Shaw contends that his conviction must be reversed because the State, during its opening argument, improperly stated that Shaw was selling drugs, although he had not been indicted for this crime. Shaw, however, made no objection to the State's opening argument at trial, and, as such, he has waived his right to argue this point on appeal. *Strong v. State.*[3]

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Walker v. State,* 258 Ga. App. 333 (574 SE2d 400) (2002).
[3] *Strong v. State,* 263 Ga. 587, 589 (3) (436 SE2d 213) (1993).

3. Shaw contends that his conviction must be reversed because the State inappropriately disparaged his defense attorney during its closing argument. Again, we disagree.

The record shows that, during cross-examination, Cantrell testified that Shaw's trial attorney visited him in prison, impersonated a district attorney, and tricked him into signing a statement that he would not testify against Shaw unless the State agreed to limit his jail sentence for an unrelated crime. On the witness stand, Cantrell accused the defendant's attorney, not appellate counsel, of altering any statements he may have signed and referred to him as a "slicker."

At the end of the trial, during closing argument, the prosecutor referred back to this testimony and stated: "[Defendant's attorney] got up before you and talked about integrity . . . but he walked over there [to Cantrell] and held himself out to be a member of the . . . D. A.'s office and tried to trick this man." Defendant's attorney subsequently objected to this statement and moved for a mistrial. The trial court denied the mistrial, but gave the jury curative instructions not to consider the prosecutor's remarks. Thereafter, defendant's attorney renewed the objection.

As a general rule, "[p]ersonal remarks have no place in the State's closing argument. However, this Court will not disturb a trial court's ruling on a motion for mistrial absent a manifest abuse of discretion, where a mistrial is essential to preserve the accused's right to a fair trial." (Citation omitted.) *Miller v. State*.[4] Given the substantial evidence against Shaw, including Cantrell's testimony that defendant's attorney tricked him, and the trial court's curative instructions, we cannot say in this case that the trial court abused its discretion by denying Shaw's motion for a mistrial. Id.

4. Shaw contends that the trial court erred by denying his motion for a mistrial regarding an alleged "golden rule" argument made by the State during its closing argument.

The prosecutor stated:

> The citizens of Hall County desire to be free of drugs, desire to be free of crack cocaine distribution on our streets, that same crack cocaine that's destroying so many people. We saw Mr. Harvey on the stand. We have several Mr. Harveys in our society. And those same people [who] have succumb[ed] to the grips of drugs and drug addiction. There were some of you [who] also said you had people in your family who were addicted to drugs. And it is . . . the desire for Hall County to be free of that. If you find the defendant . . .

---

[4] *Miller v. State*, 228 Ga. App. 754, 757 (6) (492 SE2d 734) (1997).

guilty, Hall County citizens can take the first step toward being free of drugs, being free of the crack cocaine that has overtaken our society. . . . [I]n voir dire, . . . I said, "Is there anyone on the panel [who] does not believe that Hall County has a problem with drugs?" No one raised their hands because everybody knows the problem, and everybody knows exactly what drugs and what drug addiction can do to people.

These comments, though close to the line in some respects, do not constitute a "golden rule" argument.

In a classic "golden rule" argument, jurors are invited to place themselves in the victim's place in regard to the crime itself. However, any argument, regardless of nomenclature, which importunes the jury to place itself in the position of the victim for any purpose must be carefully scrutinized to ensure that no infringement of the accused's fair trial rights has occurred.

(Citation omitted.) *Horne v. State.*[5] On the other hand, a prosecutor generally may appeal to the jury to convict for the safety of the community. *Davis v. State*;[6] *Philmore v. State.*[7] That is what occurred in this case. Read in context, the prosecutor's statements urge the jury to convict to rid society of the dangers imposed by drug use. As such, this enumeration of error lacks merit. Id.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 5, 2004.

*Caprice R. Jenerson*, for appellant.
*Jason J. Deal, District Attorney, Kiesha R. Storey, Assistant District Attorney*, for appellee.

---

[5] *Horne v. State*, 192 Ga. App. 528, 529 (2) (385 SE2d 704) (1989).
[6] *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996).
[7] *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).