## A04A0618. EASLEY v. THE STATE.
(598 SE2d 554)

PHIPPS, Judge.

Marcus Easley was convicted of one count of aggravated sodomy, two counts of aggravated assault upon a police officer, and other offenses. Following denial of his motion for new trial, he appeals. He challenges the sufficiency of the evidence, claims ineffective assistance of trial counsel, and contends that the trial court erred in admitting certain evidence. Finding no merit in any of Easley's claims of error, we affirm.

State's evidence showed that Easley was a drug dealer who barged into the house of one of his customers, Tommy Pope, and pistol whipped him. Pope fled, leaving Easley and Easley's brother in the house along with a female guest, Latasha McGahee. McGahee testified that after Pope left, Easley came into the bedroom where she was lying down and forced her to perform oral sex on him. After Pope returned to the residence accompanied by the police, a fracas involving Easley's brother ensued. After the officers made a hasty retreat from the house with Easley's brother in tow, Easley barricaded himself in the house and took McGahee hostage. More police were summoned to the scene, and a standoff lasting throughout the day followed. During the course of the standoff, Easley fired gunshots out of a window in the direction of police officers. Eventually, he let McGahee go. Afterward, he managed to escape. He was, however, later apprehended. At trial, he testified that McGahee had voluntarily agreed to perform oral sex on him in exchange for cocaine.

1. Easley claims that his trial counsel was ineffective in failing to call as defense witnesses two women, Lilia Torrey and Gene Renee Evans, who were in Pope's house during part of the time in question.

> To prevail on a claim of ineffective assistance, a defendant must show that counsel rendered deficient performance and that actual prejudice resulted. . . . A [defendant] has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1]

Effectiveness, however,

---

[1] (Citations and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003).

is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.[2]

The defendant must show that counsel's representation fell below an objective standard of reasonableness.[3] "Tactical decisions of counsel do not equate with ineffectiveness."[4] "When inadequate representation is alleged, [a] critical factual inquiry ordinarily relates to whether the . . . omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy."[5] The decisions on which witnesses to call and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client.[6] "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[7]

During pretrial interviews by police, Torrey and Evans stated that they had heard what sounded like sexual activity taking place in the bedroom where Easley and McGahee were located, but that they had not heard any outcry by McGahee and that it did not sound like she was in trouble. At the hearing on Easley's motion for new trial, his trial attorney was asked to explain why she had not called these two women as defense witnesses. Counsel responded, "I . . . didn't have a private investigator or anything, anybody working with me, and I guess I just didn't think it was a priority. You know, I guess I figured my time was better spent doing some other things getting ready for trial." The trial court concluded that counsel's performance did not fall below an objective standard of reasonableness, and the court found no reasonable probability that the result of the proceeding would have been different if counsel had called these witnesses to the stand.

At trial, McGahee testified that before the sexual assault, Easley subdued her by threatening her with a gun that he kept by his side

---

[2] (Citation and punctuation omitted.) *Polk v. State*, 225 Ga. App. 257, 258 (1) (a) (483 SE2d 687) (1997).

[3] *Johnson v. State*, 275 Ga. 538, 540 (2) (570 SE2d 289) (2002).

[4] *Polk v. State*, supra at 259 (1) (c).

[5] (Citation and punctuation omitted.) *Johnson v. State*, 214 Ga. App. 77-78 (1) (447 SE2d 74) (1994).

[6] *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999).

[7] (Citations and punctuation omitted.) *Johnson v. State*, supra, 214 Ga. App. at 78 (1).

during the entire encounter. Testimony given by the officers who accompanied Pope into his residence showed that, when they entered the room, McGahee was performing oral sex on Easley and that his handgun was within his reach. That testimony provides a rational explanation for the fact that the two women heard no outcry from McGahee, thereby diluting its effectiveness as a component of Easley's defense. Moreover, defense counsel did cross-examine one of the investigating officers about the pretrial statements provided by Torrey and Evans; and in closing counsel argued that because McGahee had not made any outcry to these women, her claim that the sexual activity between her and Easley had been nonconsensual was not credible. Counsel thus managed to use the witnesses' pretrial statements to support Easley's defense, without calling them to testify. In addition, at the hearing on Easley's motion for new trial, Evans testified that Torrey had appeared at Pope's house on the night in question but had not remained there long; and Evans gave testimony at the hearing inconsistent with prior statements she had made to police. The trial court was thus authorized to find that the post-trial testimony given by Evans undermined both her and Torrey's credibility as trial witnesses. "Under the circumstances, the court's determination that [Easley] failed to carry his burden of showing ineffective assistance of counsel is not clearly erroneous."[8]

2. Easley charges the trial court with error in allowing the state to introduce an audiotaped pretrial statement of McGahee to the police that was consistent with her trial testimony.

> [Easley's] claim to the contrary notwithstanding, [defense counsel's] cross-examination of the victim shows that [she] challenged her testimony on direct as inconsistent with what she told police . . . in earlier interviews and as colored by the degree to which she had been intoxicated while at [Pope's house]. In doing so, [Easley], in effect, challenged the victim's trial testimony as recently fabricated. Accordingly, the trial court did not err in admitting the victim's prior consistent statement. [Cits.][9]

3. Easley challenges the sufficiency of the evidence to support his conviction of aggravated sodomy on the ground that there was no physical evidence to support a finding that the sexual activity between McGahee and him was nonconsensual.

---

[8] *McMillian v. State*, 263 Ga. App. 782, 786 (3) (589 SE2d 335) (2003).
[9] *Dorsey v. State*, 252 Ga. App. 33, 34 (1) (555 SE2d 498) (2001).

But the sexual assault nurse who examined McGahee testified to physical injuries consistent with McGahee's claim that Easley had physically assaulted her when she rebuffed his advances. Moreover, "[the victim's] testimony that [Easley] forced her to perform oral sex on him against her will establishe[d] the elements of aggravated sodomy. [Cit.] [Easley] in effect seeks a reweighing of the evidence. This we cannot do. [Cit.]"[10] The evidence, viewed in a light most favorable to the verdict, authorized a rational trier of fact to find Easley guilty beyond a reasonable doubt.[11]

4. Easley challenges the sufficiency of the evidence to support his convictions of aggravated assault upon a police officer on the ground that there was insufficient evidence that he intended either to injure the officers or to put them in reasonable apprehension of receiving a violent injury.

A person commits the offense of simple assault when he either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[12] A person commits the offense of aggravated assault when he assaults with a deadly weapon.[13] " 'Intent to injure is not an element of aggravated assault with a deadly weapon. . . . It is the reasonable apprehension of harm by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure.' "[14] "[O]nly an intent to commit the act which in fact places another in reasonable apprehension of injury is required, not a specific intent to cause such apprehension."[15] At trial, Easley admitted that he had intended to fire the gunshots out the window and that he had known police officers were in the vicinity. The police officers' testimony fully authorized the jury to find that they were placed in reasonable apprehension of injury. The evidence was clearly sufficient to have authorized a rational trier of fact to find Easley guilty of the two counts of aggravated assault upon a police officer beyond a reasonable doubt.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 9, 2004.

---

[10] *Miller v. State*, 228 Ga. App. 754, 755 (1) (492 SE2d 734) (1997).

[11] *Dean v. State*, 273 Ga. 806-807 (1) (546 SE2d 499) (2001).

[12] OCGA § 16-5-20 (a) (1).

[13] OCGA § 16-5-21 (a) (2).

[14] (Footnote omitted.) *Tanner v. State*, 259 Ga. App. 94, 95 (1) (a) (576 SE2d 71) (2003).

[15] *Maynor v. State*, 257 Ga. App. 151, 154 (570 SE2d 428) (2002).

*Christopher L. Casey*, for appellant.

*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney*, for appellee.