S06A0094. SMITH v. THE STATE.
(629 SE2d 816)

HINES, Justice.

Joseph Corey Smith appeals his convictions for felony murder while in the commission of aggravated assault and possession of a firearm during the commission of murder in connection with the fatal shooting of Frank Matthew Keahey. Smith challenges the sufficiency of the evidence, the admission of certain photographs of the victim, and the trial court's instruction to the jury. For the reasons which follow, we find these challenges to be without merit, and we affirm; however, Smith also asserts that his trial counsel rendered ineffective assistance, and the circumstances of this case necessitate that we remand the case to the trial court for a hearing on his claim of ineffectiveness of trial counsel.[1]

---

[1] The crimes occurred on June 13, 2004. On June 29, 2004, a Coweta County grand jury

The evidence construed in favor of the verdicts shows that in the early morning hours of June 13, 2004, Smith was attending a party at someone's home. Keahey was also there along with his girlfriend Heather McKnight, Jessica Pounds, and Ashley Patterson. Smith was there when Keahey and the women arrived, and he was carrying a revolver in his belt. Smith was drinking beer and "rapping." Smith showed the pistol to several people including Keahey. At one point, Smith opened the chamber of the pistol, the bullets fell out, and he reloaded the weapon. Smith kept saying that he wanted to fire the pistol, and it was suggested that he could go into the woods and do so, but Smith replied that he did not want to shoot at "something"; he stated, "I want to know what it feels like to shoot somebody." Moments later, Smith put the pistol to Keahey's chest and fired the weapon. Smith viewed Keahey's body and said, "there is a hole." Keahey died from the single contact gunshot wound to his chest and through his heart fired from a Rossi .357 revolver.

Smith was arrested at the scene. He gave a videotaped statement to police. Smith did not take the stand at trial.

1. Smith contends that the trial court should have granted him directed verdicts on the charges of Keahey's felony murder and the underlying aggravated assault because there was no evidence of his intent to injure Keahey, which is required in order to find an assault; rather the evidence was that he and Keahey were not arguing or fighting but getting along with each other.

First, felony murder does not require proof of a criminal intent to murder. *Flores v. State*, 277 Ga. 780, 783 (3) (596 SE2d 114) (2004). As to the aggravated assault, Smith was charged with assaulting Keahey with a deadly weapon, and the intent to injure is not an element of the charged offense. *Easley v. State*, 266 Ga. App. 902, 905 (4) (598 SE2d 554) (2004). The crime of aggravated assault, as alleged, is established by the reasonable apprehension of harm by the victim of an

---

indicted Smith for: Count 1 – the malice murder of Frank Matthew Keahey; Count 2 – possession of a firearm or knife during the commission of Keahey's murder; Count 3 – the felony murder of Keahey while in the commission of his aggravated assault; Count 4 – the aggravated assault of Keahey; Count 5 – possession of a firearm or knife during the aggravated assault of Keahey; Count 6 – the aggravated assault of Heather McKnight; and Count 7 – the aggravated assault of Ashley Patterson. Smith was tried before a jury October 4-6, 2004. He was acquitted of Count 1, but found guilty of Counts 2, 3, 4, and 5; an order of nolle prosequi was entered on Counts 6 and 7. On October 6, 2004, Smith was sentenced to life in prison on Count 3 and a concurrent five years in prison on Count 2. The trial court found that Counts 4 and 5 merged with Counts 3 and 2, respectively, for the purpose of sentencing. A motion for new trial was filed on October 28, 2004, and denied on May 6, 2005. On June 13, 2005, Smith, pro se, filed an "amended motion for new trial," and it was denied on July 1, 2005. A notice of appeal was filed on June 2, 2005, and an amended notice of appeal was filed on September 13, 2005. The appeal was docketed in this Court on September 15, 2005, and the case was submitted for decision on November 7, 2005.

assault by a firearm rather than the assailant's intent to injure. Id. All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension. Id.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." *Shelton v. State*, 279 Ga. 161, 162 (3) (611 SE2d 11) (2005). There was sufficient evidence to authorize the jury to find Smith guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith next contends that the trial court erred in admitting four photographs, State's Exhibits 6, 7, 8, and 9, which depicted Keahey's body at the scene and the inflicted gunshot wounds, inasmuch as they were cumulative of other photographs admitted into evidence, and therefore, served merely to inflame the jury. However, if pre-autopsy photographs are relevant and material to any issue in the case, they are admissible even if they are duplicative and may inflame the jury. *Thomas v. State*, 259 Ga. 202 (378 SE2d 686) (1989). Photographs showing the extent and nature of the victim's wounds are material and relevant. *Moody v. State*, 277 Ga. 676, 680 (5) (594 SE2d 350) (2004). This is not altered by the fact that the cause of death may not be in dispute. *Leggett v. State*, 256 Ga. 274 (3) (347 SE2d 580) (1986). The trial court did not abuse its discretion in admitting these photographs. *Joyner v. State*, 280 Ga. 37, 40 (4) (622 SE2d 319) (2005).

3. Smith also contends that the trial court's charge to the jury on involuntary manslaughter was "erroneous and burden shifting" because it informed the jury that if it convicted him of involuntary manslaughter, he would be guilty of only a misdemeanor.[2] But that is hardly the case.

The trial court's charge must be considered in the context of the court's instruction as a whole. *Ricketts v. State*, 276 Ga. 466, 473 (6) (579 SE2d 205) (2003). While it can be argued that the trial court's statement, "[i]t would be a misdemeanor," initially could have been construed as referring to the crime of involuntary manslaughter rather than the offense of pointing a pistol at another, the court immediately thereafter told the jury that pointing a pistol at another would be a misdemeanor. Also, in its recharge, the court plainly

---

[2] The language at issue is the court's statement, "Involuntary manslaughter, a person commits an involuntary manslaughter when that person causes the death of another human being without any intention to do so by the commission of the offense of pointing a pistol at another. It would be a misdemeanor."

stated that involuntary manslaughter is a felony in Georgia.[3] Moreover, merely referring to a lesser included offense as a misdemeanor and the charged offense as a felony is not error so long as there is no information given to the jury about possible sentences for the crimes charged. *Quintana-Camporredondo v. State*, 275 Ga. App. 859, 861 (2) (622 SE2d 66) (2005), citing, inter alia, *Bellamy v. State*, 272 Ga. 157, 159 (4) (527 SE2d 867) (2000); *Johnson v. State*, 261 Ga. 236, 239-240 (5) (404 SE2d 108) (1991). Reviewing the trial court's jury instructions as a whole shows that the court's charge on involuntary manslaughter was not improperly burden shifting or misleading to the jury. *Ricketts v. State*, supra at 473 (6).

4. Smith's motion for new trial was filed and handled by his trial counsel, and trial counsel then filed a notice of appeal. Smith was found to be indigent, and his trial counsel was then appointed to handle the appeal. In the interim, Smith filed an amended motion for new trial, pro se, alleging ineffective assistance of trial counsel. Following the denial of the amended motion for new trial, new counsel was appointed to represent Smith on appeal, and appellate counsel has raised claims of the ineffective assistance of trial counsel; therefore, this case must be remanded to the trial court for a hearing and determination on such claims. *Shadron v. State*, 275 Ga. 767, 769 (2) (573 SE2d 73) (2002); *Potter v. State*, 272 Ga. 430 (3) (530 SE2d 725) (2000).

*Judgments affirmed and case remanded with direction. All the Justices concur.*

DECIDED MAY 8, 2006.

*Julianne W. Holliday, Word & Taylor, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[3] The court charged, "The following offenses is each a felony under the laws of this state[:] malice murder, felony murder, aggravated assault, and involuntary manslaughter."