S06A0725. BRADLEY v. THE STATE.
(637 SE2d 19)

HUNSTEIN, Presiding Justice.

Albert Bradley was convicted of malice murder in the shooting death of Donna Williams. He appeals from the denial of his motion for new trial, challenging the admission of photographic evidence.[1] Finding no error, we affirm.

1. The jury was authorized to find that the victim and her children had been living with appellant in his apartment for approximately a year. On the day of the murder, the victim drove back home from an Easter egg hunt with her young son and sat down to talk with a neighbor, Bettie Jean Bailey, on the front porch as her son joined other children to play outside. Bailey testified that appellant came

---

[1] The crimes occurred on April 14, 2001. Bradley was indicted June 29, 2001 in Fulton County on charges of murder, felony murder and aggravated assault with a deadly weapon. He was found guilty of all charges on March 20, 2002 and was sentenced that day to life imprisonment for murder. His motion for new trial, also filed March 20, 2002, was denied April 11, 2005. A notice of appeal was filed May 2, 2005. The appeal was docketed in this Court on December 29, 2005 and was submitted for decision on the briefs.

outside, stated he was going to "park [the victim's] car straight" and became upset for reasons unknown. The victim remained calm and did not respond. Appellant then changed his mind about re-parking the car, gave the victim the car keys and went back into the apartment. Shortly after Bailey returned to her own apartment, appellant came outside with a .38 caliber revolver and fatally shot the unarmed victim once in the head. Children who witnessed the shooting testified that appellant and the victim were not "fussing"; that appellant fired the weapon from the doorway of the apartment as the victim sat on the porch; and that the victim had no time to react.

We conclude that this evidence amply enabled a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error in the trial court's denial of appellant's motion for mistrial based on the introduction of State's Exhibit 29, a photograph of the victim's head taken at the crime scene.

[I]f pre-autopsy photographs are relevant and material to any issue in the case, they are admissible even if they are duplicative and may inflame the jury. [Cit.] Photographs showing the extent and nature of the victim's wounds are material and relevant. [Cit.] This is not altered by the fact that the cause of death may not be in dispute. [Cit.]

*Smith v. State*, 280 Ga. 490, 492 (2) (629 SE2d 816) (2006). The State had the burden to prove beyond a reasonable doubt that appellant caused the death of Donna Williams with malice aforethought. The State's contention was that he had done so by shooting a single shot into the victim's head with a .38 revolver. "The photograph[ was] relevant to this issue." *Goss v. State*, 255 Ga. 678, 680 (1) (341 SE2d 448) (1986). The trial court did not abuse its discretion in admitting State's Exhibit 29. *Joyner v. State*, 280 Ga. 37 (4) (622 SE2d 319) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2006.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.