S12A1955. CURRY v. THE STATE.
(736 SE2d 423)

MELTON, Justice.

Following a bench trial, Labaron Curry appeals his convictions for two counts of felony murder and two counts of possession of a firearm during the commission of a felony, contending that the evidence was insufficient to support the verdict.[1] For the reasons set forth below, we affirm.

In the light most favorable to the verdict, the record shows that, on June 2, 2007, a high school graduation party was held for Javier McIntosh at a rented clubhouse. Over the course of the evening, the crowd of partygoers swelled to approximately one hundred people. Near the end of the evening, a group of uninvited people arrived, and a fight started inside the clubhouse during which a number of people were cut with knives or razor blades. In reaction, the crowd began pushing out of the clubhouse into the parking lot. With his hair in dreadlocks and wearing a black shirt, Curry, whose right arm had been badly sliced, ran outside, took a position in front of the clubhouse, and began firing a .357 magnum revolver into the crowd. Yashika Frye was shot in the neck and died at the scene. Molly Cohran was shot in the chest and later perished at the hospital. Several witnesses saw a black male with dreadlocks shooting, and some of them noticed that the shooter was bleeding from an open wound on his right hand. Curry later admitted to shooting into the crowd to frighten the group of men who had injured him. The murder

---

[1] On September 13, 2007, Curry was indicted for two counts of malice murder, two counts of felony murder predicated on aggravated assault, and two counts of possession of a firearm during the commission of a felony. One count of each crime related to the murder of Yashika Frye, and the remaining counts related to the murder of Molly Cohran. Following a bench trial ending on December 11, 2009, the trial court found Curry guilty of two counts of felony murder and two counts of possession of a firearm. Curry was acquitted of the two counts of malice murder. The trial court sentenced Curry to life imprisonment for each count of felony murder and five consecutive years for possession of a firearm. Curry's trial counsel filed a motion for new trial on January 5, 2010, and new appellate counsel filed an amended motion on September 28, 2011. The trial court denied the amended motion on May 15, 2012. Thereafter, Curry filed a timely notice of appeal, and his case was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

weapon was recovered by police in a ditch with four spent shell casings inside its chamber.[2] Projectiles recovered from Frye's body and from an area behind Cohran's body were determined to have been fired from the .357 revolver. In addition, Curry's blood was found on both the handle of the revolver and on the ground at a point where evidence indicated that the shooter had been standing.

In assessing this evidence, it must be remembered that

> felony murder does not require proof of a criminal intent to murder. *Flores v. State*, 277 Ga. 780, 783 (3) (596 SE2d 114) (2004). As to the aggravated assault, [Curry] was charged with assaulting [Frye and Cohran] with a deadly weapon, and the intent to injure is not an element of the charged offense[s]. *Easley v. State*, 266 Ga. App. 902, 905 (4) (598 SE2d 554) (2004). The crime of aggravated assault, as alleged, is established by the reasonable apprehension of harm by the victim of an assault by a firearm rather than the assailant's intent to injure. Id. All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury, not a specific intent to cause such apprehension. Id.

*Smith v. State*, 280 Ga. 490, 491-492 (1) (629 SE2d 816) (2006). The evidence in this case, including Curry's admission, was sufficient to enable a jury to determine that Curry was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[3]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Brown & Gill, Angela B. Dillon*, for appellant.

---

[2] Officers also recovered a .9mm pistol, with a loaded clip, stashed behind the clubhouse's air conditioning unit. Two .9mm shell casings were also discovered away from the clubhouse.

[3] As an alternative, Curry contends that, at worst, the evidence could have supported only a conviction for voluntary manslaughter, citing *Coker v. State*, 209 Ga. App. 142 (433 SE2d 637) (1993). The determination as to whether Curry acted with a sudden, violent, and irresistible passion was a matter for the trier of fact. Here, the evidence was sufficient to support the determination that Curry was guilty of felony murder after he intentionally decided to "shoot the place up" when the victims were killed.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, James L. Wright, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Kenneth W. Mishoe, Assistant Attorney General, for appellee.*