305 Ga. 681
FINAL COPY

S19A0031.  HART v. THE STATE.


BENHAM, Justice.

Appellant Jonathan Andrew Hart was convicted of felony murder predicated on aggravated assault and possession of a firearm during the commission of a felony in connection with the shooting death of his wife, Stephanie Hart.  On appeal, Appellant contends that the State failed to prove beyond a reasonable doubt that his actions were not legally excused because the shooting was accidental.  For the reasons that follow, we affirm.[1]

Viewed in the light most favorable to the jury's verdicts, the

---

[1] In October 2008, a White County grand jury indicted Appellant for the offenses of malice murder, felony murder, aggravated assault, and two separate counts of possession of a firearm during the commission of a felony. Following a jury trial conducted July 13-25, 2009, Appellant was acquitted of malice murder, but found guilty of all remaining charges.  The court sentenced Appellant to life in prison for felony murder and to five consecutive years in prison for one count of possession of a firearm during the commission of a felony.  The trial court merged the remaining charges.  Appellant filed a timely motion for new trial on August 10, 2009.  A hearing was held on January 16, 2017, and the trial court denied Hart's motion by order on June 7, 2018.  A timely notice of appeal was filed on June 22, 2018; this case was docketed to the term of this Court beginning in December 2018 and was submitted for a decision on the briefs.

evidence presented at trial showed the following. In July 2008, Appellant and Stephanie were estranged and moving toward a divorce. During their relationship, Appellant had kicked her in the knee while wearing a steel-toed boot and pushed her into a tub during an argument. While they were married, Appellant caught Stephanie having sex with his brother. Every day thereafter, Appellant would tell Stephanie she was going to hell. Appellant also would get drunk and force her to recount the affair, putting a gun to her head on one occasion. During an argument about the affair on November 23, 2007, Stephanie called 911, but Appellant pulled the phone cord out of the wall and would not let her leave the house. Police arrived, and Appellant was arrested and pled guilty to obstructing an emergency telephone call. After that incident, Stephanie moved out of their shared home.

On July 23, 2008, Appellant e-mailed Stephanie and told her to come over to his house because he had a check for her and he wanted to talk about a divorce. Stephanie went to Appellant's house and told him she was seeing someone else, and they agreed that it

would be best for them to divorce. On July 25, Appellant texted Stephanie and asked her to come to his house and sign divorce papers. Appellant left work early that day, drove to his parents' house, and retrieved a .40-caliber Hi-Point carbine rifle before heading home. Stephanie arrived at Appellant's home around 6:00 p.m. and only she and Appellant were at the house.

On July 26, Appellant called his mother and told her, "Mama, I did something bad. . . . I shot Stephanie." Appellant's mother called police, who responded to Appellant's home and found Stephanie deceased. A GBI medical examiner determined that she was killed by a .40-caliber bullet that struck her just below her left eye, and that the gun was less than one centimeter from her face when it was fired. Law enforcement recovered a .40-caliber spent cartridge casing at the scene. Although the murder weapon was never recovered, testing on the casing showed it was fired by a .40-caliber Hi-Point carbine rifle. Appellant was arrested on July 28, 2008, in Monroe, Louisiana.

Appellant elected to testify, and told the jury that he

accidentally shot Stephanie. Appellant testified that Stephanie stood up from signing the divorce papers and was heading toward the kitchen when the incident occurred. He claimed he picked up his rifle and began walking behind her with his head down, hoping that she would see him going outside to commit suicide and change her mind about the divorce. Appellant stated that Stephanie suddenly stopped and the gun touched her; he then looked up and noticed the gun was pointed at her head as she began to turn around. He testified that he tried to quickly move the gun away and it accidentally discharged, killing her. Appellant said he drove to Texas after the shooting because he feared he would be mistreated by police. He abandoned his truck and the rifle in Texas and was hitchhiking and walking back to Georgia to turn himself in when he was arrested.

Appellant argues that the State failed to prove beyond a reasonable doubt that Stephanie's death was not an accident, and therefore he should be acquitted of felony murder based on aggravated assault and possession of a firearm during the

commission of a felony. We disagree.

The affirmative defense of accident arises when a defendant contends that his acts were accidental or a product of misfortune rather than criminal intent or negligence. *Wade v. State*, 304 Ga. 5 (2) (815 SE2d 875) (2018). The accident defense applies where the evidence negates the defendant's criminal intent, whatever that intent element is for the crime at issue. Id. Here, the jury was properly instructed that the State had the burden of proving beyond a reasonable doubt that Appellant acted with the requisite intent to commit each of the crimes charged. See id. It is the jury's role "to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." *Jones v. State*, 304 Ga. 320, 323 (2) (818 SE2d 499) (2018) (citation and punctuation omitted).

There was evidence presented that Appellant was upset about the impending divorce; was angry with Stephanie for having an affair with his brother; had been violent with Stephanie on previous

occasions; had pointed a gun at her head before; admitted to his mother that he had done something bad by shooting Stephanie; and fled the jurisdiction after the shooting occurred. Accordingly, there was ample evidence presented to authorize a rational jury to reject Appellant's accident defense. See *Jones*, 304 Ga. at 323 (2).[2]

Judgment affirmed. All the Justices concur.

Decided April 29, 2019.

Murder. White Superior Court. Before Judge George.

Jeffrey L. Floyd, for appellant.

W. Jeffrey Langley, District Attorney, Samantha L. Barrett, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K.

---

[2] Moreover, intent to injure is not an element of aggravated assault as alleged in Appellant's indictment. *Smith v. State*, 280 Ga. 490 (1) (629 SE2d 816) (2006); see OCGA §§ 16-5-20 (a) (2) and 16-5-21 (a) (2). All that was required "[was] that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury." *Smith*, 280 Ga. at 492 (1). Thus, the evidence presented was sufficient for a jury to find Appellant guilty of aggravated assault. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Waddell v. State*, 261 Ga. 529 (1) (407 SE2d 742) (1991).

Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.