306 Ga. 547
FINAL COPY

S19A0659.  COOPER v. THE STATE.

BOGGS, Justice.

James Edward Cooper was convicted of murder and possession of a knife during the commission of a felony in connection with the 2015 stabbing death of his nephew, Ricky Hall. Cooper now appeals, asserting as his sole enumeration of error the insufficiency of the evidence to support his murder conviction. The evidence was sufficient, and we affirm.[1]

Viewed in the light most favorable to the verdicts, the evidence presented at trial showed the following. Just after 7:00 a.m. on April

---

[1] The crimes occurred on the morning of April 22, 2015. On July 14, 2015, a Fulton County grand jury indicted Cooper for malice murder (Count 1), felony murder (Count 2), aggravated assault (Count 3), and possession of a knife during the commission of a felony (Count 4). At a trial on November 7-10, 2016, a jury found Cooper guilty of all charges. The trial court sentenced him to life imprisonment for malice murder, plus a consecutive five-year term of imprisonment on Count 4, which was suspended. Count 2 was vacated by operation of law, and Count 3 merged into Count 1. On November 30, 2016, Cooper filed a motion for new trial, which he amended with new counsel on December 1, 2017, and again on March 21, 2018. After a hearing, the trial court denied the motion. Cooper filed a timely notice of appeal, and the case was docketed in this Court for the April 2019 term and submitted for decision on the briefs.

22, 2015, Hall arrived at his grandmother's apartment to celebrate his birthday with family members and friends. Cooper lived with his mother, who was also Hall's grandmother, and he had been drinking there with a group of people until about 6:00 a.m. that same morning. Four of those individuals — including Shimikia Withers — were asleep on a large loveseat in the living room, which was adjacent to the kitchen.

According to Withers, Hall had started making breakfast when Cooper came into the kitchen and accused him of taking his mother's bread. An argument ensued, and the two began pushing each other. Eventually, Hall shoved Cooper to the floor in the area between the kitchen and living room. Hall then helped Cooper to his feet, told Cooper that he was at his grandmother's residence to celebrate his birthday, and attempted to walk away, but Cooper kept coming toward him.

Hall asked Cooper if he really wanted to kill him on his birthday. Cooper retrieved a large knife from the kitchen, returned to the area between the kitchen and living room, and confronted Hall

— who was standing next to a wall. Cooper raised his arm and plunged the knife blade into Hall's chest, piercing his heart. Withers testified that Cooper held the knife "like a person fixing to stick you with a knife" would, and that the stabbing was not an accident. An investigator testified that blood spatter found on a wall in the apartment was consistent with the victim having been stabbed while standing against or near that wall.

After realizing that he had been stabbed, Hall exclaimed, "oh, he stabbed me for real," and then collapsed to the floor. Cooper briefly tried to comfort Hall but then fled the scene. Hall was taken to a hospital, where he was pronounced dead. Law enforcement subsequently arrested Cooper, who gave a videotaped statement to investigators that was played for the jury at trial. Cooper told the investigators that the stabbing was accidental, but admitted that he aimed the knife at Hall and stabbed him. Cooper also demonstrated to investigators precisely how he plunged the knife into Hall's chest.

Cooper argues that the evidence presented at trial was insufficient to support his murder conviction. More specifically, he

contends that the State failed to show that he intentionally harmed Hall when he stabbed and killed him, claiming the evidence showed that the stabbing was accidental.[2]

When evaluating a challenge to the sufficiency of the evidence, this Court views all of the evidence presented at trial in the light most favorable to the verdicts and asks whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

The evidence presented at trial and summarized above was sufficient to enable a rational trier of fact to conclude that Cooper was guilty beyond a reasonable doubt of Hall's murder. The evidence

---

[2] Cooper also argues that the evidence did not support his convictions on Counts 2 and 3, but that challenge is moot because those counts were merged or vacated by operation of law. See *Collett v. State*, 305 Ga. 853, 855 (1) n.2 (828 SE2d 362) (2019). Although Cooper does not challenge the sufficiency of the evidence to support his conviction for possession of a knife during the commission of a felony, a conviction was entered on that charge. We therefore have independently reviewed the record and conclude that the evidence presented at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that he was guilty of that offense as well.

showed, among other things, that during a heated argument with Hall, Cooper deliberately plunged the blade of a large kitchen knife into Hall's chest. That evidence gives rise to the reasonable inference that Cooper intended to kill Hall when he approached him and stabbed him in the chest. And that same evidence supports the conclusion that, by deliberately stabbing Hall in the chest, Cooper committed an act that he knew was substantially likely to seriously injure or kill Hall. See *Taylor v. State*, 303 Ga. 624, 626 (1) (814 SE2d 353) (2018) (Malice murder covers "one who knows that his conduct is substantially certain to cause" another's death, "whether or not he desires the result to occur." (Citation and punctuation omitted)).

Cooper also contends that the evidence was not sufficient because the State's case hinged largely on the testimony of Withers, who was an unreliable witness because she had been drinking from 12:00 until 6:00 that morning, her view of the stabbing was obstructed, and her trial testimony was materially inconsistent with her statement to investigators shortly after the incident. He further

argues that the evidence showed that Hall was the initial aggressor and gave him the knife, and that he and his nephew were merely roughhousing when he accidentally stabbed Hall in the heart.

However, "[o]ur limited review leaves to the jury the resolution of conflicts in the evidence, the weight of the evidence, the credibility of witnesses, and reasonable inferences to be made from basic facts to ultimate facts." (Citations and punctuation omitted.) *McGruder v. State*, 303 Ga. 588, 590 (II) (814 SE2d 293) (2018). The evidence was sufficient to authorize the jury to reject Cooper's defense of accident and find him guilty beyond a reasonable doubt of murder. See *Hart v. State*, 305 Ga. 681, 683 (827 SE2d 642) (2019).

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 19, 2019.
Murder. Fulton Superior Court. Before Judge McBurney.
*Saraliene S. Durrett*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Burke O. Doherty, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine D. Emerson, Assistant Attorney General*, for appellee.