39536. BAKER v. THE STATE.

MARSHALL, Presiding Justice.

Lonnie Ray Baker appeals from his conviction of malice murder, for which he was sentenced to life imprisonment. He does not directly contest the sufficiency of the evidence to authorize the conviction.

1. The first enumerated error is the admission in evidence of numerous state's exhibits, over the general objection as to all exhibits that a chain of custody had not been proved.

The fact that the state had to obtain a short recess to allow its witness to bring the evidence into the courtroom from his locked car, does not illustrate a break in the chain of custody, as the appellant

---

contends, but rather a precautionary measure to protect the evidence until it was time for it to be introduced.

The evidence in question consisted of photographs of the deceased, and shotgun pellets and wadding found in the victim's skull. The evidence showed that the shotgun wound was the cause of death. The trial judge properly submitted the question of identity of these items to the jury, since they were identified by the witness and since, unlike fungible articles, they were distinct and recognizable physical objects which could be identified upon observation, obviating the necessity of a chain-of-custody showing. *Cobb v. State,* 244 Ga. 344, 351 (11) (260 SE2d 60) (1979) and cits.

It was not error to fail to charge the jury on tampering with the evidence, absent a request to so charge and absent any evidence of tampering. "It is not necessary that the state negative all possibility of tampering, but only that it show it is reasonably certain there was no alteration, and when there is only bare speculation of tampering, it is proper to admit the evidence and let whatever doubt remains go to its weight." *Collins v. State,* 163 Ga. App. 494, 495 (1) (294 SE2d 721) (1982) and cits.

While, as the appellant points out, the cause of death was not disputed, it is an essential element of the crime of murder to show that a death occurred, and a criminal defendant has no right to prevent the jury from seeing the crime scene and the victim's injuries, notwithstanding the fact that they may inflame the minds of the jury. *Carter v. State,* 244 Ga. 803 (1) (262 SE2d 109) (1979) and cits. The photographs in question are not of the type criticized in *Ramey v. State,* 250 Ga. 455 (1) (298 SE2d 503) (1983).

This enumerated error is without merit.

2. The second enumerated error is alleged ineffective assistance of counsel.

Appellate counsel, who was also trial counsel, presented the following allegations to the trial judge in connection with his motion for new trial. Counsel was asked by the attorney of record on a Friday afternoon to try the case. He reviewed the file of the attorney of record over the weekend and the case proceeded to trial on Monday. Unknown to him, there were numerous occurrences at the trial which should have been looked into and taken care of prior to the trial, which he had assumed had been done. He did not move for a continuance. He did not allege his own incompetence, but that of the attorney of record, who did not adequately prepare the case for trial.

Whether a conviction should be reversed because counsel is not allowed sufficient time to prepare a case for trial is to be determined by the particular facts and circumstances of each case. What time

shall be allowed a defendant and his counsel to prepare for trial is a matter resting in the sound discretion of the trial judge, with which appellate courts will not interfere, unless abused. *Cartee v. State,* 85 Ga. App. 532, 535 (69 SE2d 827) (1952) and cits.

" 'We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance.' . . . [T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974) and cit.; *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335) (1977). "The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense. *Adams v. State,* 236 Ga. 468, 471 (224 SE2d 32) (1976). In determining the effectiveness of counsel's advocacy, we can take into consideration the fact that the evidence so authorized the verdict that the general grounds of the motion for new trial are not even urged on appeal." *Fortson,* supra, p. 6. "[W]here the representation of the defendant during the trial of his case . . . was vigorous, where the complaints made against such counsel relate to matters which must be considered trial tactics, and where the judge of the superior court hearing the motion for new trial presided over the trial and was in a position to know how effective such counsel was and was in a position to recognize ineffective assistance of counsel as opposed to trial tactics, the overruling of this ground of the motion for new trial shows no error." *Pullin v. State,* 237 Ga. 759, 760 (3) (229 SE2d 606) (1976); *Banks v. Glass,* 242 Ga. 518, 519 (1) (250 SE2d 431) (1978).

Our reading of the record reveals that there is nothing to support the argument that counsel for the appellant did not adequately investigate the facts or interview the state's witnesses. The record also reveals that defense counsel cross-examined witnesses, made objections, presented the appellant's defense, and made opening and closing arguments to the jury. Counsel evidently did not feel that the case was not ready for trial, as he did not move for a continuance nor argue the insufficiency of the evidence to support the conviction in this court. " 'In light of the nature of the crime and the overwhelming evidence against the defendant in this case, the trial tactics and strategy followed by counsel were as effective as possible under the circumstances. There is no merit to the charge of ineffective assistance of trial counsel.' [Cit.]" *Fortson v. State,* 240 Ga. 5, supra, p. 6 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 9, 1983.

*Lloyd D. Murray,* for appellant.

*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney, Michael J. Bowers, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.