S90A0193. CROSBY v. THE STATE.
(389 SE2d 207)

SMITH, Presiding Justice.

The appellant, Earnest Joe Crosby, was sentenced to life imprisonment for the malice murder of Bonnie Sue Oliphant.[1] We affirm.

The appellant and the victim lived together; however, their relationship began deteriorating when the victim began having an affair with Roy Armentrout, and she moved into her own apartment. She continued seeing Mr. Armentrout until Mrs. Armentrout discovered them in the victim's apartment. The appellant expressed his desire "to get even" when Mrs. Armentrout informed the appellant of her discovery.

The following week, on the day of the shooting, the appellant purchased a pistol and some bullets. He told the salesperson he needed a gun to shoot snakes, and on the bottom left side of his check he wrote "snake hunt." The appellant specifically requested hollow point bullets.

Twice on the day of the shooting, the appellant went to Mrs. Armentrout's place of employment. He acted angry and upset and he made statements that caused Mrs. Armentrout to believe that he intended to hurt the victim and Mr. Armentrout. Once again he told Mrs. Armentrout he was "going to get even." Later that evening he went to the victim's place of employment; he called out to her and she began to run away. He shot her as she ran, she fell to the floor, and he kept shooting her as she lay on the floor. As he left, he mumbled:

---

[1] The crime was committed on March 23, 1988. The appellant was indicted during the November term 1988. The Cobb County jury returned its verdict of guilty on March 7, 1989. The appellant's motion for an out-of-time appeal was granted on August 31, 1989. The notice of appeal was filed on September 6, 1989. The transcript of evidence was filed on October 31, 1989. The record was docketed in this Court on November 7, 1989. The case was argued in this Court on January 16, 1990.

"[B]itch, got what you deserved." The medical examiner testified that two gunshot wounds were consistent with the victim being shot while running away, and that the third and fourth wounds were consistent with the victim being shot while lying on the floor. The victim died of massive hemorrhaging; the third wound was fatal.

The appellant immediately drove to the Armentrouts' home, broke down the front door, entered, and fired shots into the house and its contents as he yelled threats to Mr. Armentrout. The Armentrouts' daughter, Dawn, was home alone. She had been singing into a tape recorder; the tape recorder was still recording when she ran and hid in a closet. Two weeks later, Dawn discovered that the tape had recorded the sounds of the appellant's violent visit. She erased her singing from the tape before the tape was turned over to the police.

The appellant did not deny shooting the victim, but he claimed that the killing was voluntary manslaughter and not murder. The jury found the appellant guilty of malice murder and he was sentenced to life imprisonment.

1. The evidence presented at the trial was sufficient to support the verdict of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant argues that the trial court erred in admitting testimony regarding events at the Armentrouts' home, and in refusing his motion for mistrial.

The appellant left the murder scene and went directly to the Armentrouts' home where he shot and destroyed the Armentrouts' property while yelling threats to Mr. Armentrout. The subsequent acts were all part of the crime spree which indicated a certain course of conduct and as such they were relevant. *Lobdell v. State*, 256 Ga. 769, 772 (353 SE2d 799) (1987). Additionally, evidence that is relevant and material to an issue in the case is not inadmissible because it incidentally places the accused's character in issue. *Baxter v. State*, 254 Ga. 538, 547 (331 SE2d 561) (1985). We find no error.

3. The appellant contends that the state did not establish an adequate chain of custody for the introduction of five exhibits consisting of expended gun shells and one exhibit consisting of the tape recording made at the Armentrouts' home.

a. Officer Hunton of the Cobb County Police Department identified the shells as the ones he recovered at the crime scene. Assuming, without deciding, that the chain of custody was inadequate

> any error in admitting the [shells] was harmless beyond a reasonable doubt. Appellant admitted shooting the victim, and the kind of weapon used was not in dispute. The introduction of the [shells] added nothing to the state's case. [Cits.] *Gribble v. State*, 248 Ga. 567, 569 (284 SE2d 277)

(1981).

b. The jury was informed that Dawn had erased part of the tape, and she was thoroughly questioned about the tape by the appellant's attorney before it was played to the jury. Mrs. Armentrout also identified the tape. The tape is a "distinct and recognizable physical object[] which could be identified upon observation, obviating the necessity of a chain-of-custody showing. *Cobb v. State,* 244 Ga. 344, 351 (11) (260 SE2d 60) (1979) and cits." *Baker v. State,* 250 Ga. 671, 672 (300 SE2d 511) (1983).

4. We have reviewed the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1990 —
RECONSIDERATION DENIED MARCH 28, 1990.

*Adele P. Grubbs, Lynn M. Stevens,* for appellant.

*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Assistant District Attorneys, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.