## S97A0321. MILLER v. THE STATE.
(485 SE2d 752)

BENHAM, Chief Justice.

In this appeal from his conviction of murder,[1] Jamel Miller argues only that the evidence presented at trial was insufficient to support his conviction because his confession was not adequately corroborated.

When arrested within two days of the shooting, Miller confessed to shooting the victim as a contract killing. He said that the victim's wife, a co-indictee, offered him $1,500 to kill her husband; that they entered into a signed contract to that effect; that the victim's wife supplied the murder weapon; and that the other co-indictee drove the car in which Miller traveled to and from the scene of the shooting. Miller said that he wore a hooded sweatshirt and a mask at the time of the shooting; that he shot the victim as the victim and his wife returned to the victim's home from a restaurant; and that he then ran to the car where a co-indictee was waiting, gave the co-indictee the weapon, and put the mask under the front passenger seat as the

---

[1] The crime was committed on October 22, 1995. Miller and two others were indicted on February 2, 1996, for malice murder, felony murder (aggravated assault), and conspiracy to commit murder. Trial commenced July 8, 1996, and ended July 10 with a verdict of guilty of malice murder and felony murder, the conspiracy count having been dismissed. The trial court sentenced Miller to life imprisonment for malice murder, the felony murder conviction having been vacated by operation of OCGA § 16-1-7. Miller's notice of appeal was filed on July 24, 1996, and the appeal was transmitted to this Court and docketed on November 19, 1996. The appeal was submitted for decision on the briefs.

co-indictee drove away.

"Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute. [Cit.]" *Sands v. State*, 262 Ga. 367 (1) (418 SE2d 55) (1992). Here, the evidence corroborating the confession included the contract signed by the victim's wife, with Miller's fingerprints; discovery of the murder weapon, the clothes Miller wore during the shooting, and a mask from the car in which Miller said he rode to and from the killing, and in which his fingerprints were found; and testimony that the murder weapon was purchased by the victim's wife. That evidence was adequate corroboration of Miller's confession.

The evidence at trial was sufficient to authorize a rational trier of fact to find Miller guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Carr v. State*, 259 Ga. 318 (380 SE2d 700) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 1997.

*Alterman & Associates, Cathy M. Alterman,* for appellant.
*J. Tom Morgan, District Attorney, Thomas S. Clegg, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.