S04A0636. KEMPSON v. THE STATE.
(602 SE2d 587)

SEARS, Presiding Justice.

Appellant Larry Kempson appeals his convictions for murder, feticide and kidnapping,[1] claiming the trial court erred by admitting certain evidence and in denying a motion for directed verdict. Having reviewed the record, we conclude appellant's arguments are without merit, and we affirm.

Construed most favorably to the verdicts, the evidence shows that appellant went to the home of his ex-wife and confronted her two grown daughters, Barkley and McDay, with a handgun. When Barkley attempted to telephone police, appellant stopped her from making the call. McDay's two-year-old daughter, Canaya, was also

---

[1] The crimes occurred on April 15, 2001. On June 5, 2001, appellant was indicted on counts of felony murder, malice murder, feticide, burglary, kidnapping and aggravated assault (two counts). Trial was held October 15-16, 2001. Appellant was found guilty on all counts and sentenced to life in prison for malice murder, life in prison for feticide, and 20 years each for aggravated assault, burglary and kidnapping, all sentences to be served consecutively. The felony murder conviction was treated as surplusage. Appellant's new trial motion was filed on October 18, 2001, and denied on November 5, 2003. The notice of appeal was filed on December 4, 2003. The appeal was docketed on December 19, 2003, and submitted for decision on briefs.

present. When the child began to cry, appellant shot her in the mouth, injuring her. Appellant then shot McDay, who was 21 weeks pregnant, in the head. Both McDay and the fetus died as a result. Appellant then forced Barkley into a waiting car and drove away. Barkley later escaped and ran to a nearby home for assistance.

The next morning, appellant told his father that he (appellant) had shot someone. Appellant's father then drove him to a nearby nursing home, where he spoke with an acquaintance, Freeman. At trial, appellant asserted an alibi defense, claiming he was with Freeman at the time of the shootings.

1. The evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes for which he was convicted.[2]

2. A person is guilty of feticide if he or she willfully kills a fetus that has developed to the "quickening" stage, i.e.: when the fetus has developed to the point of being capable of movement within the mother's womb.[3] "[M]edical experts do not know a definite time when movement of an unborn child is possible, but it happens usually around the sixteenth week and at times as early as the tenth week of pregnancy."[4] Here, the evidence showed that at the time of the shooting, McDay was approximately 21 weeks pregnant and that the fetus was normal and healthy. A medical expert testified that quickening normally occurs between the fifteenth and twentieth week of gestation. Moreover, McDay's mother testified that before the shooting, McDay had told her that she felt and recognized the fetus moving within her, and that she (McDay's mother) had placed her hand on McDay's stomach and felt the fetus move.[5] Accordingly, contrary to appellant's contention, we conclude there was evidence from which the jury could conclude that McDay's unborn child had reached the stage of quickening.

3. Appellant urges that the trial court erred by admitting into evidence bullets taken from Canaya and Andi McDay without requiring a proper chain-of-custody showing. We disagree. The trial judge properly submitted the question of the bullets' identity to the jury, since they were identified by qualified witnesses and since, unlike fungible articles, they were distinct and recognizable physical objects that could be identified by observation, eliminating the necessity of a chain-of-custody showing.[6] Furthermore, having reviewed the record,

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-5-80 (a); *Brinkley v. State*, 253 Ga. 541, 544 (322 SE2d 49) (1984).

[4] *Brinkley*, 253 Ga. at 542.

[5] See *Smith v. Newsome*, 815 F2d 1386, 1387 (11th Cir. 1987) (evidence that the mother felt the fetus move was evidence of quickening).

[6] *Baker v. State*, 250 Ga. 671, 672 (300 SE2d 511) (1983); *Cobb v. State*, 244 Ga. 344, 351 (260 SE2d 60) (1979).

we conclude the State established with reasonable certainty that the bullets introduced into evidence were the same ones removed from the victims' bodies and had not been tampered with or replaced by similar bullets.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant*, for appellant.

*William T. McBroom, District Attorney, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.