## S05A0405. ROOP v. THE STATE.
### (611 SE2d 34)

SEARS, Presiding Justice.

The appellant, Raymond Roop, appeals from his conviction for the murder of Jeffrey Patterson.[1] On appeal, Roop contends that the evidence is insufficient to support his conviction, and that the trial court erred in permitting a State's witness to give his opinion regarding Roop's culpability and credibility. For the reasons that follow, we

---

[1] The crimes occurred on April 25, 2001. On July 20, 2001, Roop was indicted for several crimes, including malice murder. On December 11, 2001, a jury found Roop guilty on all counts. That same day, the trial court sentenced Roop to life in prison for malice murder and ruled that the other counts merged with the malice murder conviction. Roop filed a motion for new trial on December 18, 2001, and an amended motion for new trial on May 27, 2004. The trial court denied the motion for new trial, as amended, on August 30, 2004. Roop filed a notice of appeal on September 15, 2004, and the appeal was docketed in this Court on November 1, 2004. The case was orally argued on February 14, 2005.

resolve these contentions adversely to Roop, and thus affirm his convictions.

1. Roop first contends that the evidence is insufficient to support his convictions. Although the evidence is not without conflict, this Court does not reweigh the evidence, resolve conflicts in testimony, or judge the credibility of witnesses when evaluating the sufficiency of evidence on appeal.[2] Instead, we review the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3] In the present case, viewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient for a rational trier of fact to find beyond a reasonable doubt that, while Roop and the victim were talking in the parking lot of a coffee store about 3:15 a.m., Roop shot the victim in the face and took the victim's wallet. Accordingly, the evidence is sufficient to support Roop's conviction for malice murder.[4]

2. At trial, a police officer who assisted in the investigation on the evening of the crimes testified that he had been to several "neuro-linguistic schools"; that he had learned to judge people by their eyes and mannerisms; and that he found Roop's behavior suspicious. On appeal, Roop contends that the officer's testimony was improper opinion testimony about Roop's culpability and his credibility as a witness, and that the testimony was improper because the scientific reliability of "neurolinguistic" signs was not established at trial. For the reasons that follow, we conclude that no reversible error occurred.

First, at trial, the only objection raised by defense counsel was that the witness was not qualified as an expert on observing a person's mannerisms. Because the objections raised on appeal were not raised at trial, Roop is procedurally barred from asserting those issues at this time.[5]

In addition, we conclude that if it was error to permit the officer to testify that he had been to "neurolinguistic" schools and that Roop's behavior was suspicious, the error was harmless.[6] In this regard, the officer did not give any details about the schools, about how long he had studied at the schools, or about his study of mannerisms. He simply stated that he had been to "neurolinguistic" schools and that he had learned to judge people by their mannerisms. Thus, there was little emphasis on the witness being an expert in this area of study. Moreover, and most importantly, the record shows that Roop gave

---

[2] *Mickens v. State*, 277 Ga. 627, 627-628 (593 SE2d 350) (2004).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Jackson v. Virginia*, 443 U. S. 307.

[5] *Billings v. State*, 278 Ga. 833, 835, n. 2 (607 SE2d 595) (2005).

[6] *Hancock v. State*, 277 Ga. 835, 839 (596 SE2d 127) (2004).

police officers a false name; that he gave them different spellings of that false name; that he gave them a false address; that he denied having any identification when there was obviously a wallet in his pocket; and that, when he was asked to show the wallet to an officer, he stuttered and began to shake. Because of the evidence that Roop provided significant misleading information to officers and was nervous when asked about the wallet, any error in permitting the officer in question to testify about Roop's suspicious behavior was harmless.[7]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.