### S07A0452. MARTIN v. THE STATE.
(642 SE2d 837)

BENHAM, Justice.

Cassandra Smith was killed in Columbus-Muscogee County on June 23, 2002, when she was struck by a bullet which entered her back and traveled through her body, fracturing a vertebrae and perforating her aorta and her heart. Appellant Armundoe Martin was arrested several hours after the shooting, and was convicted of felony murder (aggravated assault), possession of a firearm during the commission of a crime and, in a bifurcated trial, possession of a firearm by a convicted felon.[1]

---

[1] The crime took place in the pre-dawn hours of June 23, 2002. Appellant was arrested later that day and the grand jury returned a true bill of indictment on November 19, 2002, charging appellant with malice murder, felony murder (aggravated assault); felony murder (possession of a firearm by a convicted felon); possession of a firearm by a convicted felon; and possession of a firearm during the commission of a crime. The indictment also contained a recidivist provision. The first phase of the bifurcated trial took place on July 21-22, 2003, and the second phase took place on July 23. Appellant was acquitted of malice murder and found guilty of all other counts. He was sentenced to life imprisonment for felony murder (aggravated assault) and to two five-year probated sentences, to be served concurrently with each other and consecutively to the life sentence, for being in possession of a firearm during the commission of a felony and for possessing a firearm while a convicted felon. Appellant's motion for new trial was timely filed on August 6, 2003, and was amended June 6, 2006, following the appointment of new appellate counsel. A hearing on the motion for new trial was held on August 15 and the motion was denied October 27, 2006. A notice of appeal was filed timely on November 7, 2006,

1. Ms. Smith suffered her fatal injury while attending a party at which a fight escalated into gunfire. Appellant was identified by a witness as a party-goer who was struck by another man and then grabbed a gun from another person who had been firing the gun "up in the air." The witness testified others ran toward a street intersection when appellant obtained the gun. The witness, who denied at trial that she had seen appellant shoot the gun in the direction of where the victim was found, admitted she had given police a statement the day of the shooting in which she said she had seen appellant fire the weapon toward the area where the victim was struck. Another witness who testified he saw appellant get into a fistfight but did not see appellant with a gun, admitted he, too, had given a statement to police the day of the shooting. The officer who took the statement testified the witness told him he had seen appellant shoot a gun into a group of people.

In the second portion of the bifurcated trial, the State introduced into evidence certified copies of a December 1997 indictment charging appellant with possession of cocaine with intent to distribute, the sentence he received after entering a negotiated guilty plea, and the transcript of the guilty plea hearing held in March 1998.

The evidence was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of felony murder, with aggravated assault as the underlying felony, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Broussard v. State*, 276 Ga. 216 (1) (576 SE2d 883) (2003) (person firing gun into a crowd of people guilty of murder). Contrary to appellant's assertion, the evidence presented by the State consisted of more than appellant's mere presence at the scene of the crime.

2. Appellant contends the trial court erred when it permitted the State to impeach a defense witness by means of her 1981 plea of nolo contendere to a charge of child cruelty. At trial, the trial court overruled counsel's objection that use of the nolo plea should not be allowed because the matter might have been expunged from the witness's record. On appeal, appellant contends *Pitmon v. State*, 265 Ga. App. 655 (2) (595 SE2d 360) (2004), prohibits the use of a nolo plea to impeach a witness in a criminal trial.

Appellant's failure to make an objection based on this ground at trial constitutes waiver of the issue since " '[r]eversal of the trial court is not authorized on the basis of an evidentiary ruling that the trial

the appeal was docketed in this Court on November 30, and was submitted for decision on the briefs.

court was never called upon to make.' [Cit.]" *Tate v. State*, 253 Ga. App. 723 (1) (560 SE2d 303) (2002). Appellant asserts the issue was preserved for appellate review because it was raised in the amended motion for new trial. However, Georgia "has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error." *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997). "The purpose of requiring a timely objection is to avoid placing improper information before the jury. [Cit.] Removing from a jury's consideration evidence it has heard is difficult at best and well nigh impossible after it has had time to sink in. . . ." *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996). Inasmuch as appellant's objection set forth in his amended motion for new trial was not a contemporaneous objection, it did not preserve the issue for appellate review.

3. Appellant maintains he received ineffective assistance of counsel at trial because trial counsel: (a) failed to object in the second portion of the trial to the admission of evidence of appellant's prior conviction which appellant asserts was the result of a guilty plea that had not been preceded by informing appellant of the rights he was waiving by pleading guilty; and (b) failed to object to the use of a nolo plea to impeach a witness on the ground that such a plea cannot be used to impeach a witness.

In order to succeed on a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brooks v. State*, 281 Ga. 514, 518 (6) (640 SE2d 280) (2007). To show deficient performance, a defendant "must overcome the 'strong presumption' that counsel's performance fell within a 'wide range of reasonable professional conduct,' and . . . [t]he reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. [Cit.]" *White v. State*, 281 Ga. 276, 281 (6) (637 SE2d 645) (2006).

(a) In the second portion of the bifurcated trial, the State proved appellant's status as a convicted felon by means of certified copies of an indictment charging him with possession of cocaine, the transcript of his plea of guilty to the charge, and the sentence imposed as a result. Appellant asserts trial counsel performed deficiently when he failed to challenge the validity of the underlying felony conviction on the ground that appellant had not been advised of the rights he was waiving when he entered his guilty plea. See *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969). However, this Court, following the lead of the United States Supreme Court in *Lewis v.*

*United States*, 445 U. S. 55 (100 SC 915, 63 LE2d 198) (1980), has ruled that one charged with possession of a firearm by a convicted felon may not mount a successful collateral attack on the prior felony conviction that serves as the predicate offense since OCGA § 16-11-131 (b) clearly prohibits all convicted felons from possessing a firearm until they are pardoned from their felony convictions or otherwise relieved of the disability (OCGA § 16-11-131 (c), (d)), and no exception is made for an *invalid* outstanding felony conviction. *Scott v. State*, 250 Ga. 195, 198 (297 SE2d 18) (1982) (uncounseled prior felony conviction can serve as the predicate felony for a subsequent conviction for possession of a firearm by a convicted felon). See also *State v. Williams*, 392 S2d 448 (La. 1980); *United States v. Elliott*, 128 F3d 671 (8th Cir. 1998); and *United States v. Steverson*, 230 F3d 221 (6th Cir. 2000) (all of which hold that a defendant's *Boykin*-based collateral attack on underlying felony supporting charge of possession of a firearm by a convicted felon is foreclosed by the Supreme Court's decision in *Lewis v. United States*). Our decision in *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), is distinguishable in that it involved a collateral attack on a prior conviction being used for purposes of recidivist punishment. See *Lewis v. United States*, supra, 445 U. S. at 59 (noting U. S. Supreme Court's decisions prohibiting use of uncounseled convictions for purposes of sentence enhancement). Thus, the objection appellant now contends should have been made is without merit, and trial counsel's failure to make a meritless objection does not constitute ineffective assistance of counsel. *Moore v. State*, 278 Ga. 397 (2) (e) (603 SE2d 228) (2004).

(b) Appellant points to the decision of the Court of Appeals in *Pitmon v. State*, supra, 265 Ga. App. 655 (2), to establish as deficient performance trial counsel's failure to question the propriety of using a nolo plea to impeach a witness. In *Pitmon*, the Court of Appeals concluded OCGA § 17-7-95 (c) did not permit the use of a nolo plea to impeach a witness, and overruled *Tilley v. Page*, 181 Ga. App. 98 (4) (351 SE2d 464) (1986), which had permitted such impeachment in civil cases. Id. at 658-660. Appellant's trial took place in July 2003, seven months before the decision in *Pitmon* was issued. At the time of appellant's trial, it was permissible to use a nolo plea to impeach a witness in a civil action (*Tilley v. Page*, supra), although a nolo plea could not be used to impeach the defendant in a criminal prosecution. *State v. Rocco*, 259 Ga. 463 (384 SE2d 183) (1989). The trial court, the prosecuting attorney and defense counsel discussed the applicability of the *Tilley* and *Rocco* decisions on the use of a nolo plea to impeach a witness in a criminal trial, and the trial court concluded it was appropriate to extend *Tilley* to criminal actions. While the Court of Appeals overruled *Tilley* in *Pitmon* seven months after appellant's trial, "in making litigation decisions, there is no general duty on the

part of defense counsel to anticipate changes in the law." *Rickman v. State*, 277 Ga. 277, 280 (587 SE2d 596) (2003). Having examined, from counsel's perspective at the time of trial and under the circumstances of the trial, the reasonableness of counsel's conduct in failing to object to the use of the nolo plea to impeach the witness, we conclude trial counsel's decision was "made in the exercise of reasonable professional judgment" and did not fall outside the "wide range of professional conduct." *White v. State*, supra, 281 Ga. at 281. Inasmuch as appellant failed to establish that counsel's performance was deficient, the trial court did not err in concluding appellant did not carry his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, LaRae D. Moore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.