## S08A0614. GIBSON v. THE STATE.
### (659 SE2d 372)

THOMPSON, Justice.

Defendant Deandre Gibson was convicted of malice murder and armed robbery in connection with the death of Jesse Parker.[1] He appeals, asserting, inter alia, that the identification testimony of a

---

[1] The crimes occurred on September 12, 2004. The grand jury indicted defendant on November 23, 2004, charging him with malice murder, two counts of felony murder (predicated on the underlying felonies of aggravated assault and armed robbery), aggravated assault and armed robbery. Following a jury trial, which commenced on August 18, 2005, the jury returned a verdict of guilty on all counts. The trial court sentenced defendant to life for malice murder, and 20 years for robbery. The felony murder counts were vacated and the aggravated assault count was merged as a matter of law. Thereafter, defendant sought, and was granted, leave to file an out-of-time appeal. Defendant's motion for new trial was filed on November 15, 2006, and

key witness should have been suppressed because the witness was shown only one photograph of defendant. Finding no error, we affirm.

Viewing the evidence in a light favorable to the verdict, as we are bound to do, we find the following: The victim, Jesse Parker, and Donna Hogue were sitting on the steps of a house drinking beer when defendant walked up, asked Hogue "what's up," and left. Defendant returned a few minutes later in the company of Farrah Williamson (defendant's girlfriend and the mother of his child) and Williamson's sister, Tasha. He had an 18-inch long, metal flashlight in his hand. Defendant demanded that the victim "break bread." When the victim refused, defendant knocked his beer away and hit him in the head three times with the flashlight. He then rummaged through the victim's pockets, taking a few dollars and a cell phone. Farrah Williamson then yelled "he got a ring on." After the victim refused to hand over the ring, defendant again struck him in the head with the flashlight, took the ring from the victim, and walked away. The victim died six days later.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Davis v. State*, 281 Ga. 871, 873 (2) (644 SE2d 113) (2007).

2. Defendant asserts that Donna Hogue's identification of defendant was tainted and should have been suppressed because she was shown only one photograph, i.e., a photograph of defendant, when she told police that "Black" committed the crime. In this regard, defendant points out that the street name "Black" is quite common, see, e.g., *Haggins v. State*, 277 Ga. App. 742 (1) (627 SE2d 448) (2006), and that the display of a single photograph is per se suggestive. See *Brittian v. State*, 274 Ga. App. 863, 864 (2) (619 SE2d 376) (2005).

> In determining whether there is a substantial likelihood of misidentification, the "totality of the circumstances" is to be considered. Under this test, "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation,

denied on June 7, 2007. Defendant filed a notice of appeal on July 3, 2007. The case was docketed in this Court on December 19, 2007, and submitted for decision on the briefs on February 11, 2008.

and the length of time between the crime and the confrontation." Moreover, whether the witness knows the defendant is a critical factor in determining the reliability of an identification.

(Citations omitted.) *State v. Hattney*, 279 Ga. 88, 89 (610 SE2d 44) (2005).

At the time of her identification, Hogue had known "Black" for seven years and had had contact with him on a daily basis. Hogue had had a sexual relationship with defendant, and knew him both by his street name and his legal name. Thus, showing Hogue a single photograph of defendant merely confirmed her previous identification of him. It follows that the trial court did not err in refusing to suppress Hogue's identification of defendant.

3. Farrah Williamson gave a statement to police in which she said that defendant approached the victim and told him to "give it up"; that defendant hit the victim in the head with a flashlight and took "less than fifty dollars," "fake jewelry and a cell phone" from the victim; that defendant gave her ten dollars; and that the flashlight had blood on it after defendant hit the victim. Defendant asserts Williamson's statement should have been ruled inadmissible because she was not given a *Miranda* warning and it is "fundamentally unjust" to use a "coerced statement from the mother of a suspect's child." This argument was not raised below and will not be considered on appeal. To the extent that defendant is challenging the credibility of Williamson's statement, the challenge fails because credibility is a matter that falls exclusively within the province of the jury. *Montgomery v. State*, 224 Ga. 845, 848-849 (165 SE2d 145) (1968).

4. Defendant asserts the prosecutor acted inappropiately during the course of the trial in several respects:

(a) First, defendant contends the prosecutor improperly attempted to use what he claimed to be a replica of the flashlight in his direct examination of Farrah Williamson. In this regard, defendant points out that Williamson, the owner of the flashlight, stated that the supposed replica did not look like her flashlight. We cannot accept this contention. When defendant objected to the prosecutor's attempt to use the replica, the trial judge removed the jury from the courtroom, sustained the objection, and instructed the prosecutor not to use the supposed replica. Later, when Donna Hogue testified that the purported replica was similar to the flashlight used by defendant, the prosecutor used the replica of the flashlight for demonstrative purposes. Defendant did not object to the use of the replica at that time and, therefore, he cannot complain about this matter on appeal. *Carr v. State*, 259 Ga. 318, 321 (380 SE2d 700) (1989).

(b) Next, defendant posits that the prosecutor breached the bounds of legitimate advocacy when he read a portion of Farrah

Williamson's statement, which was not admitted in evidence, during closing argument. See *Washington v. State*, 268 Ga. 598 (492 SE2d 197) (1997) (prosecutor should not be allowed to read from document not in evidence during closing). However, this issue was not preserved for review because defendant failed to make a contemporaneous objection at trial. *Carr v. State*, supra.

(c) Finally, defendant asserts the prosecutor improperly put definitions of the words "corroborate" and "sympathy" on a viewing screen during closing argument. However, the trial court ordered the prosecutor to remove the definitions from the screen. The definitions were removed and defendant sought no further relief from the trial court. *Carr v. State*, supra.

5. Defendant asserts the trial court erred by failing to ascertain whether defendant waived his right to testify. In this regard, defendant posits that although he informed the court that he decided that he would not testify,[2] he did so only to be polite, and that if the court had probed further it would have learned that he actually wanted to testify. This assertion is wholly without merit. "[W]hether to testify in one's own defense is a tactical decision to be made by the defendant himself after consultation with his trial counsel, and generally, there is no requirement that a trial court inject itself into that decision-making process. [Cit.]" *Price v. State*, 280 Ga. 193, 195 (3) (625 SE2d 397) (2006), disapproved on other grounds, *Patel v. State*, 282 Ga. 412, 413, fn. 2 (651 SE2d 55) (2007). See also *Barron v. State*, 264 Ga. 865, 866, fn. 2 (452 SE2d 504) (1995); *Finch v. State*, 287 Ga. App. 319, 321 (651 SE2d 478) (2007).

6. Defendant contends the trial court should have sustained defendant's objection when, during closing argument, the prosecutor argued that Farrah Williamson did not testify that defendant did not commit the crime. In this regard, defendant argues that Williamson merely said that she had no knowledge of the crime and she was never asked if defendant committed the crime. We find no error. The prosecutor's comment was well within the bounds of proper argument. *Ponder v. State*, 268 Ga. 544, 545 (2) (491 SE2d 363) (1997); *Moss v. State*, 278 Ga. App. 221, 222 (1) (628 SE2d 648) (2006).

---

[2] Defense counsel announced that it rested without presenting any evidence. The jury was excused and the following colloquy took place between the trial court and defendant:

The Court: Mr. Gibson, just for the record, sir.
The Defendant: Yes, Ma'am.
The Court: The decision whether or not you testify in this case is entirely up to you. It is not [defense counsel's] decision. It is yours. Have you, in fact, decided that you do not wish to testify? . . . [I]f you want to testify you have the ability to do so. I just want to confirm for the record that it is your decision not to testify. Is that right?
The Defendant: Yes, Ma'am.

7. Defendant asserts that the trial court erred by charging the jury that they could find defendant guilty of aggravated assault if the flashlight was "likely to or actually [did] result in serious bodily injury." Defendant objects to the inclusion of "or actually did" because this phrase was not included in the indictment. However, "a charge on a code section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict." *Searcy v. State*, 168 Ga. App. 233 (1) (308 SE2d 621) (1983). Here, the charge was taken from OCGA § 16-5-21, and, immediately after giving the charge, the court correctly instructed the jury to determine whether the flashlight was "likely to cause serious bodily injury," using evidence of actual injury as part of this inquiry. See *Hannah v. State*, 125 Ga. App. 596, 598 (188 SE2d 401) (1972) (lethal character of weapon may be inferred from the nature and extent of the wound it inflicted). Therefore, we find no error.

8. Trial counsel was not ineffective for failing to object and move for a mistrial during closing argument when the prosecutor said that the jury had an "opportunity to define what is acceptable in [the] community." Read in context, the prosecutor appropriately urged the jury to speak on behalf of the community and rid it of robbers and murderers. *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996); *Shaw v. State*, 265 Ga. App. 451, 453-454 (4) (594 SE2d 393) (2004). Nor can it be said that counsel was ineffective because defendant did not testify. The evidence shows that counsel and defendant discussed whether defendant should testify; that counsel informed defendant that the decision was his to make; and that defendant decided he would not testify.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.