## S09A0119. MOORE v. THE STATE.

(674 SE2d 315)

MELTON, Justice.

Following a bench trial, Craig Michael Moore appeals his conviction for the aggravated assault and murder of Jeffrey Stephenson, contending that the trial court erred by allowing both a handgun and a .9mm bullet into evidence without proof of an appropriate chain of custody.[1] For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, at approximately 3:00 a.m. on July 25, 2002, Moore entered a convenience store he often frequented and walked to the refrigerator where the beers were kept. This refrigerator was located at the farthest end of the store from the cash register. At the refrigerator, Moore placed a beer into his pants, intending to steal it. According to Moore, Stephenson, the clerk on duty, then confronted him at the far end of the store by the refrigerator. There, Stephenson grabbed Moore's shirt and warned him not to steal.[2] Stephenson also threatened to call the police. At that point in time at the far end of the store by the refrigerator, Moore pulled a gun on the victim and pointed it at him, completing the crime of aggravated assault by pointing a gun. Then, Stephenson crossed back across the store to the cash register, presumably to use the phone located there to call the police. Moore apparently followed Stephenson. Moore then shot Stephenson three times. The medical examiner determined that Stephenson's death was the result of multiple gunshot wounds which occurred in a brief period of time. Furthermore, investigation showed that money was stolen from the cash register, and five bullet casings were recovered from the scene. Forensic testing proved that the bullets were fired from a Glock pistol which Moore had possessed and sold shortly after the murder.[3] A search of Moore's home revealed an additional intact cartridge matching the type of ammu-

---

[1] On December 13, 2002, Moore was indicted in Cobb County for the malice murder, felony murder, aggravated assault, and armed robbery of Stephenson. He was also indicted for theft by receiving regarding a Glock pistol improperly taken from George Benitt. Following a bench trial held on January 16-19, 2007, Moore was found guilty of all crimes. Although the State sought the death penalty, Moore was sentenced to life imprisonment without the possibility of parole for malice murder, twenty consecutive years for aggravated assault, twenty consecutive years for armed robbery, and ten consecutive years for theft by receiving. The felony murder conviction was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). On February 21, 2007, Moore filed a motion for new trial, and this motion was denied on May 13, 2008. This appeal was docketed in this Court on September 25, 2008, and submitted for decision on the briefs.

[2] The defendant stated that the victim pulled a gun on him as well, but no evidence supported this contention.

[3] The evidence also showed that Moore had improperly taken a second Glock pistol belonging to George Benitt from a hidden compartment in the latter's truck.

nition fired from the murder weapon, and forensic testing showed that the cartridge had previously been chambered in the murder weapon. In addition, police recovered a pair of Moore's tennis shoes, and blood spatters on the shoes were determined by DNA testing to be Stephenson's blood. Upon questioning, Moore confessed to his crimes.

This evidence was sufficient to enable the trial court to determine that Moore was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Griffin v. State*, 280 Ga. 683 (631 SE2d 671) (2006) (evidence sufficient to find aggravating circumstances under OCGA § 17-10-30 (b)).

2. Moore contends that his convictions must be reversed because the State failed to properly prove a chain of custody for both the murder weapon and the single cartridge found at his residence. This contention is meritless. With regard to Moore's objection relating to the murder weapon, the record shows that at the time the weapon was admitted into evidence, Moore objected only to its relevance. He waited until the cartridge was admitted into evidence to try to object to the weapon's chain of custody. Because Moore failed to raise an objection to the weapon's chain of custody at the time that it was admitted, he waived his right to revisit this issue on appeal. See *Martin v. State*, 281 Ga. 778 (2) (642 SE2d 837) (2007). Even if Moore had preserved this issue, however, both the gun and the cartridge "were distinct and recognizable physical objects which could be identified upon observation, obviating the necessity of a chain of custody showing." *Baker v. State*, 250 Ga. 671, 672 (1) (300 SE2d 511) (1983). See also *Cobb v. State*, 244 Ga. 344 (11) (260 SE2d 60) (1979). "Furthermore, having reviewed the record, we conclude the State established with reasonable certainty that the [gun and casing] introduced into evidence were the same ones [recovered earlier] and had not been tampered with or replaced." (Footnote omitted.) *Kempson v. State*, 278 Ga. 285, 286-287 (3) (602 SE2d 587) (2004). Moreover, even if there had been error in admitting the evidence about which Moore complains, the error would be harmless given the overwhelming nature of the case against Moore, including his confession to the crime. See *Crosby v. State*, 259 Ga. 822 (3) (a) (389 SE2d 207) (1990).

3. Contrary to the dissent, Moore's conviction for aggravated assault does not merge into his conviction for murder as a matter of fact. It is fundamental that

> this Court does not reweigh the evidence, resolve conflicts in testimony, or judge the credibility of witnesses when evaluating the sufficiency of evidence on appeal. Instead, we

review the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

(Footnotes omitted.) *Roop v. State*, 279 Ga. 183 (1) (611 SE2d 34) (2005).

Properly viewed in this light, the facts of this case support the trial court's decision not to merge Moore's convictions for aggravated assault and murder.[4] In his taped confession, Moore expressly states that, while he was attempting to steal a beer on the far side of the store near the refrigerator, Stephenson walked over to that refrigerator to confront him. During trial, Moore's trial counsel questioned the officer who took Moore's confession extensively, and, on the record, both the officer who took the confession and Moore's trial counsel interpreted part of Moore's confession as stating that Moore initially pulled his gun on Stephenson in the store by the refrigerators, not as part of the shooting behind the cash register.[5]

Under these facts, the aggravated assault and the murder do not merge as a matter of fact. To the contrary, the evidence would support a finding that this case involves an interval between completed crimes, as in *Stockford v. State*, 276 Ga. 241 (575 SE2d 889) (2003). There, we held:

> Unlike the cases involving merger based on a rapid succession of shots, the evidence in this case showed two distinct sets of shots separated by the victim's attempt to run away. Because the State used different evidence to prove the two crimes and showed that [the defendant] completed the aggravated assault before firing the three shots that caused [the victim's] death, we conclude that the trial court had authority to enter a separate judgment of conviction and sentence for the aggravated assault.

Id. at 243 (3). Here, based on the evidence, the trier of fact had the authority to conclude that an aggravated assault was completed on one side of the convenience store before the shooting and murder occurred on the opposite side of the convenience store. Id. See also *Lowe v. State*, 267 Ga. 410 (1) (b) (478 SE2d 762) (1996); *Drane v. State*, 265 Ga. 255 (9) (455 SE2d 27) (1995); *Grace v. State*, 262 Ga.

---

[4] Moore was charged with aggravated assault in that he "did unlawfully make an assault upon [Stephenson] with a firearm, a deadly weapon, by pointing said firearm at [Stephenson]." Moore was charged with murder in that he "did unlawfully and with malice aforethought cause the death of [Stephenson] by shooting him with a firearm."

[5] We note that Moore's statements were often conflicting.

746 (425 SE2d 865) (1993).

The dissent's erroneous conclusion that Moore's conviction for aggravated assault must be merged into his conviction for murder as a matter of fact can only be reached by improperly re-weighing conflicting evidence in favor of the defendant and failing to view the record and transcript in the light most favorable to the verdict.[6] For example, the dissent states: "[M]y reading of Moore's statements to police officers reflects that . . . [Moore] pulled his gun once [he and Stephenson] were at the counter [in the front of the store]." This reading, which has its basis in some conflicting statements made by Moore, wholly ignores both portions of Moore's confession and testimony at trial elicited by and agreed to by Moore's trial counsel which indicated that Moore pulled his gun on Stephenson at the back of the store. The dissent also supports its reading of the facts by stating that "there was no evidence of a struggle elsewhere in the convenience store." The transcript shows, however, that an investigating officer testified that the shirt pulling described by Moore would not necessarily leave any signs of a struggle. Likewise, the trier of fact was authorized to find that the pointing of the gun would not have left physical evidence of a struggle behind. Finally, the dissent treats this case as one involving only a "quick succession of shots." Again, however, there is evidence of record which would allow a trier of fact to find otherwise, and the dissent has no authority to disregard this evidence.

The dissent is also incorrect in its alternative argument that, even if Moore's confession can be read to show that he pulled his gun on Stephenson at the back of the store, as Moore's counsel agreed that the confession actually said, that confession cannot be used to show that Moore committed the aggravated assault because there is no evidence corroborating that confession. See OCGA § 24-3-53. Contrary to the dissent's assertion, there was ample evidence from multiple sources corroborating Moore's confession. As but one example, it was shown that Moore possessed the murder weapon used in committing the crimes. This evidence alone corroborates Moore's statement that he pointed a gun at Stephenson in the convenience store and ultimately murdered him. *Sands v. State*, 262 Ga. 367 (1) (418 SE2d 55) (1992) ("Although an uncorroborated

---

[6] As part of its support, the dissent cites *Gibson v. State*, 283 Ga. 377 (659 SE2d 372) (2008) and *Taylor v. State*, 282 Ga. 693 (653 SE2d 477) (2007), implying that these cases provide direct precedent on this issue. Those cases, however, contain no consideration of whether an aggravated assault charge was properly merged into a murder charge. The only mention of any such merger occurs in footnote one of each opinion which sets forth the procedural history of each case. This recitation of procedural history does not represent any holding by this Court relating to the merger of aggravated assault and murder in those cases.

confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute."). See also *Miller v. State*, 268 Ga. 1 (485 SE2d 752) (1997).

The dissent nonetheless contends that there is no corroboration of the confession because "the record establishes a total lack of any evidence, physical or otherwise, that there was a struggle at the far end of the store." Even if a valid summation of the record, this fact would not change the result in this case. Although the place within the store where the aggravated assault occurred has bearing on the merger issue, as discussed above, it is not dispositive of the issue of whether the confession was sufficiently corroborated. A confession need be corroborated only by any particular, not every particular. Therefore, corroborating evidence of exactly where Moore and the victim were standing at the time of the aggravated assault was not necessary for the ultimate corroboration of the confession. Evidence showing that Moore was present at the scene of the aggravated assault with the weapon used in the aggravated assault sufficiently corroborated his confession in *any* particular that the aggravated assault in fact occurred. The confession, therefore, was properly considered as substantive evidence.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who dissents.*

HUNSTEIN, Presiding Justice, dissenting.

While I concur fully with the affirmance of the judgment and sentence entered on Moore's convictions for murder, armed robbery and theft by receiving, my review of the record establishes that Moore's conviction for aggravated assault merged as a matter of fact into the murder conviction. Thus, I would vacate the judgment of conviction and sentence entered on that conviction and respectfully dissent from the majority's affirmance thereof.

Moore was charged with murder in that he "did unlawfully and with malice aforethought cause the death of [the victim] by shooting him with a firearm," and with aggravated assault in that he "did unlawfully make an assault upon the person of [the victim] with a firearm, a deadly weapon, by pointing said firearm at [the victim]." The evidence adduced at trial showed that the victim was shot to death behind the counter at an Exxon gas station/convenience store in Cobb County. As established by the testimony of the investigating officers and the crime scene investigator, there was very little indication of any sort of struggle behind the counter and no evidence of a struggle elsewhere in the convenience store. The victim was shot three times: in the abdomen, in the jaw and in the neck, with the latter bullet traveling into the body cavity to lodge in the victim's

spine, paralyzing him. According to the medical examiner, the three shots to the victim occurred within a "very short period of time." The medical examiner testified that the victim was sitting in a chair behind the counter, having rocked backwards probably in a fear or flight response, when he received the first shot in the abdomen; the victim then put up his hand to defend himself and shifted to his left, exposing his neck for the final two wounds. Although the medical examiner could not determine in what order the final two wounds were received, he testified that "they were both basically in the same angle and probably were at the very — within seconds of each other." Based on gun powder and stipling evidence, the shots were fired within the same approximate distance from the victim.

In a letter Moore wrote that was admitted at trial, he confessed that "I can't prove he wasn't shot sitting down. I remember shooting the man twice and one of them missed, then he fell back in the chair and supposedly I shot two more times." Contrary to the majority's position, my reading of Moore's statements to police officers reflects that he claimed that he and the victim "tussled"; the victim pulled a gun on him; and appellee pulled his gun once they were at the counter, at which time he shot the victim in the leg. As counsel for Moore conceded, his claim that the victim had a weapon was a "fantasy"; the medical testimony established that the victim was not shot in the leg; and, as noted above, all of the shots were fired within a very short period of time. Under my reading of Moore's statement, nothing in his account indicates that any "deliberate interval existed between the assaults that indicated the completion of one criminal act before the start of a separate criminal act." *Ingram v. State*, 279 Ga. 132, 133 (2) (610 SE2d 21) (2005).

However, even if the majority's reading of Moore's statement is accurate and that Moore admitted pointing a gun at the victim at the far end of the convenience store, the majority still errs by sustaining Moore's aggravated assault conviction. A review of the record establishes a total absence of any evidence, physical or otherwise, that there was a struggle at the far end of the store. The majority can identify no evidence other than Moore's statement to the police that he pointed a weapon at the victim to support his conviction for an aggravated assault committed prior to the shootings behind the counter. The law is well established that "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." OCGA § 24-3-53. Applying the majority's own theory of the case, it would necessarily have to reverse the aggravated assault conviction for lack of corroborating evidence.

Based on my review of the transcript, I would recognize that the aggravated assault charged in the indictment was predicated on the shots Moore fired at the victim while the victim was seated behind

the counter at the convenience store. As we recently held in *Bell v. State*, 284 Ga. 790, 791-792 (1) (671 SE2d 815) (2009):

> OCGA § 16-1-7 (a) (1) prohibits a defendant of being convicted of more than one crime when the same conduct of the accused establishes the commission of more than one crime and one crime is included in the other. The aggravated assault conviction is included in the malice murder conviction under OCGA § 16-1-6 (1) since the same conduct of the defendant ... establishes the commission of both aggravated assault and malice murder, and aggravated assault is "established by proof of the same or less than all the facts that were required to establish proof of the [murder] offense." *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006).

See, e.g., *Gibson v. State*, 283 Ga. 377 (659 SE2d 372) (2008) (aggravated assault merged into malice murder where evidence showed defendant struck victim in head three times with flashlight, rummaged through victim's pockets, struck the victim again with the flashlight when victim refused to hand over a ring, took ring and left); *Taylor v. State*, 282 Ga. 693 (653 SE2d 477) (2007) (aggravated assault merged into malice murder where defendant shot victim, victim ran then fell over, defendant followed, kicked victim and "fired the remaining bullets" in her gun into victim).

The fact that "multiple shots" were fired by Moore does not justify the failure to merge the aggravated assault under facts that establish the shots were fired in quick succession with no interval in between. Compare *Lowe v. State*, 267 Ga. 410 (1) (b) (478 SE2d 762) (1996). See also *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992), in which we disapproved case law that each of a series of attacks in quick succession constituted a "renewed assault"; *Brown v. State*, 246 Ga. App. 60 (539 SE2d 545) (2000) for a thorough discussion of cases addressing whether the firing of multiple gunshots may serve as the basis for separate charges. Although these cases pre-date *Drinkard*, supra, 281 Ga. at 213, the holdings in these cases are still factually sound as reflected by our analysis in *Bell v. State*, as well as *Gibson v. State* and *Taylor v. State*, supra.

Accordingly, because OCGA § 16-1-7 (a) (1) prohibits a defendant from being convicted of more than one crime where one crime is included in another, I would vacate the judgment of conviction and the sentence imposed on Moore for aggravated assault.

DECIDED MARCH 9, 2009.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.